1942

David GATHERS, By and Through his Personal Representative, Katherine HUTCHINSON, Respondent v. SOUTH CAROLINA ELECTRIC & GAS COMPANY, Appellant.

(427 S.E. (2d) 687)

Court of Appeals

*Wm. Howell Morrison* and *Martha D. Ballenger,* both of *Holmes & Thomson,* Charleston, and *M. Richbourg Roberson,* of *South Carolina Elec. & Gas Co.,* Columbia, *for appellant.*

*George J. Kefalos* and *Benjamin Goldberg,* Charleston, *for respondent.*

Heard Dec. 8, 1992.

Decided Feb. 16, 1993.

*Per Curiam:*

David Gathers was electrocuted when he touched a copper water pipe under his home. Gathers's estate filed a wrongful death action against South Carolina Electric & Gas Company, alleging negligence and strict liability. A jury awarded the estate $100,000 actual damages on the negligence claim. SCE&G appeals. We affirm.

1. SCE&G first argues the court erred in denying its motion to strike the estate's expert's testimony regarding how the pipe became electrified, because it was based on assumptions unsupported by evidence. Based on a hypothetical posed by Gathers's counsel, the expert theorized a loose neutral connection on SCE&G's service line electrified the pipe. SCE&G contends this defect was not supported by evidence, and, therefore, the expert did not have a sufficient factual foundation upon which to base his opinion.[1]

Opinion testimony of an expert may be based upon a hypothetical question. *Brown v. La France Industries,* 286 S.C. 319, 333 S.E. (2d) 348 (Ct. App. 1985). The hypothetical question must be based on facts supported by the evidence. *Id.* Counsel posing the hypothetical may, however, frame the question on any theory which can reasonably be de-

---

[1] SCE&G also argues there is no evidence to support the hypothetical's assumption that the ground rod connection was loose. The expert stated the loose neutral connection on SCE&G's service line could have caused Gathers's death whether the ground rod connection was loose or tight. Therefore, we need not determine if sufficient evidence existed to support this assumption.

duced from the evidence and select as a predicate for it such facts as the evidence proved or reasonably tends to prove. *Id.* Stated another way, counsel may rely upon circumstantial evidence to prove an essential fact in framing a hypothetical question. *Hyles v. Cockrill*, 169 Ga. App. 132, 312 S.E. (2d) 124 (1983). Deciding whether a conclusion assumed in the hypothetical is at least reasonably supported by circumstantial evidence is a question of law for the court. *See id.* If circumstantial evidence reasonably supports the assumptions, whether the evidence actually establishes the assumed facts becomes a question of fact for the trier of fact. *See id.*

On the day Gathers died, SCE&G inspected the premises and discovered 120 volts of electrical current running through the water pipes. As a safety precaution, SCE&G disconnected the service line and the meter from Gathers's house and discarded them. When it later reconnected service with a new service line and meter, the deadly voltage no longer existed on the water pipes. These circumstances strongly suggest a defect in the service line. One of SCE&G's witnesses testified that a loose neutral connection on a service line is the most probable cause of water pipe electrification. Further, when a party loses or destroys evidence, an inference may be drawn that the destroyed or lost evidence would have been adverse to that party. *Kershaw County Board of Education v. United States Gypsum Co.*, 302 S.C. 390, 396 S.E. (2d) 369 (1990). This circumstantial evidence reasonably supports the assumption that a loose neutral connection existed on SCE&G's service line. Therefore, the judge did not err in denying SCE&G's motion to strike the expert's testimony and sending the question of what caused Gather's electrocution to the jury.

2. SCE&G also argues Gathers's contributory negligence bars his estate from recovering damages. SCE&G contends that Gathers's failure to maintain a tight ground rod connection, as required by the building code, constitutes contributory negligence as a matter of law. Gathers's expert testified the loose neutral on SCE&G's service line could have caused Gathers's death even if the ground rod connection were tight. Because the jury could have found SCE&G liable without finding Gathers's ground rod connection was loose, we need not determine whether maintaining a loose ground rod con-

nection constitutes contributory negligence as a matter of law.

For these reasons, the judgment of the circuit court is affirmed.

Affirmed.