### 19775

Robert James ABRAMS and Cora T. Abrams, Appellants, v. H. J. WRIGHT and Gerald C. Wallace, Jr., d/b/a Seville Apartments of Greenville, S. C., Respondents.

(202 S. E. (2d) 859)

142

*Messrs. McDonald, Cox & Stilwell,* of Greenville, *for Appellant,*

*Messrs. Wilkins & Wilkins,* of Greenville, *for Respondents,*

February 20, 1974.

Bussey, Justice:

In this action plaintiffs-appellants seek to recover damages allegedly caused by defendants impounding, concentrating and channeling surface water over land of the plaintiffs. The appeal is from an order of the circuit court granting summary judgment in favor of the defendants. Recognizing the established rule that, while surface water is regarded as a common enemy, an upper owner cannot collect surface water by any artificial means and cast it upon a lower landowner in a concentrated form, the court concluded that there was no evidence that the defendants had done so in this case.

Plaintiffs had owned and lived upon their property for approximately 17 years when the defendants commenced preparing the adjacent, higher tract as the site of construction of apartment buildings. While admittedly surface water has always flowed from property of the defendants across that of the plaintiffs, it is the contention of the plaintiffs that the activities of the defendants has resulted in casting a much larger flow of water upon them and in a concentrated form at certain locations upon their property.

The motion for summary judgment was heard upon the pleadings and a deposition of the plaintiff, Robert J. Abrams, taken by the defendants. The only issue before the trial court or before this Court is whether such deposition established that there was "no genuine issue as to any material fact * * *," Circuit Court Rule 44(c). We quote the following pertinent language, which is here quite applicable, from the case of *Thevenot v. Commercial Travelers Mutual Accident Association of America,* 259 S. C. 235, 191 S. E. (2d) 251,

"Summary judgment 'should be granted only where it is clear that no issue of fact is involved and inquiry into the

facts is not desirable to clarify the application of the law. . . . And this is true even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom.' *Stevens v. Howard D. Johnson Co.,* 181 F. (2d) 390, 394 (4th Cir. 1950)."

Viewing the materials which were before the court ■ on motion for summary judgment in the light most favorable to the plaintiffs, as we are required to do under the rule, we are convinced that the court below was not warranted in holding, as it did, that there was no genuine issue as to any material fact. Since the judgment below will be reversed and the case remanded for trial we refrain from commenting in detail upon evidentiary matters. While some of the content of the deposition of Mr. Abrams is susceptible of a contrary inference, other parts thereof, reasonably give rise to the inference that the defendants did in fact collect surface waters by artificial means and cast it upon the land of the plaintiffs in a concentrated form. At the very least, we conclude that the record strongly indicates that further inquiry into the facts is most desirable to clarify the appropriate application of the law of surface waters thereto.

The judgment below is reversed and the cause remanded.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.