20324

C. I. T. FINANCIAL SERVICES, Appellant, v. Lula Mae HUNT et al., Respondent.

(230 S. E. (2d) 713)

---

*Messrs. J. Wesley Drawdy and William J. Nicholson, of Drawdy & Nicholson,* Columbia, *for Appellant.*

*Richard M. Kennedy, Jr., Esq., of Kennedy & Price,* Columbia, *for Respondent.*

December 8, 1976.

RHODES, Justice.

There is presented by this appeal the question of whether the trial judge erred in granting summary judgment to respondent Allstate Insurance Company (Allstate) and awarding appellant C. I. T. Financial Services (C. I. T.) the sum of $516.00 as loss payee under an Allstate insurance policy. We reverse and remand.

This action was brought by C. I. T. against Lula Mae and Johnnie R. Hunt and Allstate in the Richland County Court. The Complaint alleged that C. I. T. made an installment loan to the Hunts on August 8, 1974, in the amount of $2,114.29. As collateral for the loan, the Hunts granted C. I. T. a security interest in a 1972 Dodge pick-up truck. As a condition for the loan, the Hunts were required to purchase insurance on the truck.

Lula Mae Hunt purchased a physical damage policy of insurance from Allstate, naming C. I. T. as loss payee. The Complaint alleged that the truck was subsequently destroyed and that, at the time of loss, the Allstate policy was in full force and effect. It was further alleged by C. I. T. that the amount due and owing on the Hunts' note at the time of the loss was $2,294. Judgment in that amount was sought by C. I. T.

The case was decided on cross-motions for summary judgment. Allstate's motion was premised on the argument that the amount of a prior lien on the truck, as well as salvage value, should be deducted from the fair market value of the vehicle at the time of loss, resulting in an obligation to C. I. T. of $516.00. The court considered the motions on the basis of the pleadings and exhibits submitted by the parties and

granted Allstate's motion. The court awarded judgment to C. I. T. in the amount of $516.00. It is from this judgment that C. I. T. appeals.

Granting a party's motion for summary judgment is proper only when there is "no genuine issue as to any material fact . . ." and "the moving party is entitled to a judgment as a matter of law. . . ." Circuit Court Rule 44(c). As is required under the Rule, we have viewed the materials which were before the court in the light most favorable to C. I. T., the party against whom Allstate's motion was made and granted. *Abrams v. Wright*, 262 S. C. 141, 202 S. E. (2d) 859 (1974). It is our opinion that the court was not warranted in finding, as it necessarily did in granting Allstate's motion, that there was no genuine issue as to any material fact.

The fair market value of the Dodge pick-up truck at the time of loss, an element essential to a proper resolution of this case, is a material fact as to which there is a genuine dispute. C. I. T. contends that there was no evidentiary material before the court indicating with certainty the fair market value of the truck. There is nothing concrete to support the court's finding that the truck had a fair market value of $2,469 at the time that it was destroyed, and the method the court used to determine this fair market value is not clear.

A thorough review of the record convinces us that the fair market value of the truck is a disputed fact. We conclude, as we did in *Abrams v. Wright, supra*, that the record did not justify the award of summary judgment by the lower court.

Our decision with regard to the question of summary judgment is dispositive of this appeal, rendering unnecessary a decision on the other questions raised by the appellant.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.