20376

Rosa Lee BLANDING. Appellant, v. SOUTHWESTERN LIFE
INSURANCE COMPANY, Respondent.

(233 S. E. (2d) 107)

*Messrs. David W. Goldman,* and *A. S. Bahnmuller,* of
Sumter, *for Appellant,*

*Messrs. Marion D. Myers* and *John D. Lee, Jr.,* of Sumter, *for Respondent,*

March 8, 1977.

LEWIS, Chief Justice:

Appellant, as beneficiary, brought this action against the respondent insurance company to recover the sum of $20,-000.00, the amount of insurance coverage allegedly in force on the life of her deceased husband.

This appeal is from an order of the lower court granting summary judgment for respondent.

Appellant's husband signed Part I of an application for insurance on February 8, 1973, receiving from the agent of respondent a "conditional receipt" for one month's premium, together with a form for a medical examiner's report (Part II of the application) and a urine specimen bottle. According to appellant's affidavit, when her husband paid the first premium and received the receipt, the agent of respondent assured her that "if her husband walked out of the door and dropped dead, . . . she would be able to collect the insurance" in the amount of $20,000.00. Her husband died three days later from exposure in a snow storm, before a medical examination was taken.

No policy had been issued prior to the insured's death and liability of respondent, if any, must arise under the terms of the application for insurance and the receipt issued upon the payment of the premium.

Respondent moved for summary judgment on the ground that no insurance was in effect at the death of the appellant's

husband because no medical examination had been made and Part II of the application (the medical examiner's report) had not been completed. The trial Judge agreed with respondent and held that the "language of the receipt given to the decedent herein and the uncontroverted facts of the case make it clear . . . that the liability of the defendant insurer was dependent upon the taking of the medical examination and the completion of Part II of the application."

It is the contention of appellant that the language of the receipt is ambiguous and is capable of the interpretation that interim insurance coverage was effective on the date of the payment of the premium.

Part I of the application provides that the conditional receipt is a part of the contract between the parties. The conditional receipt provides on its face in pertinent part: "Subject to each and all of the conditions precedent and limitations hereinafter stated, the policy shall be deemed to have become effective as applied for and as of the later of the dates of (a) Part I and (b) the last completed Part II (Medical) required by the Company's rules for such policy. Unless the conditions on the reverse side hereof are fully satisfied for the policy, no insurance shall become effective under this receipt by reason of the aforesaid conditional premium payment for such policy and the Company shall have no liability except the return of the settlement for such policy or the amount thereof."

This, without more, would appear to provide for the type of interim insurance coverage that we had occasion to discuss in the cases of *Vernon v. Provident Life and Accident Insurance Company,* 266 S. C. 208, 222 S. E.(2d) 501 and *Hamrick v. Life and Casualty Insurance Company of Tennessee,* 252 S. C. 108, 165 S. E. (2d) 567. In *Hamrick,* we quoted the following from 29 Am. Jur., Insurance Section 210:

"A more liberal provision than the one which makes the effectiveness of the temporary insurance dependent on the

approval of the application by the home office of the insurance company is the provision to the effect that the effectiveness of the temporary insurance shall be conditioned on the insurability of the applicant at the time of the application or *the medical examination.*" (Emphasis added.)

The respondent and the trial court were of the opinion that under the present receipt any insurance coverage would be deemed effective as of the date of the medical examination, provided the applicant was insurable. Since no medical examination was ever taken, the lower court held that there could be no liability in any event. This is one construction that may be placed on the language of the receipt.

However, the appellant contends, and we agree, that Condition 4 on the reverse side of the receipt renders it capable of another interpretation, under which coverage would be provided. Condition 4 provides in pertinent part:

"Any insurance which may become effective under the terms of this receipt will terminate on the first to occur of the approval or disapproval of the application for such policy or the expiration of sixty days following the effective date of such insurance . . . .. *In no event will insurance under any policy issued in connection with this application be effective simultaneously with insurance provided by this receipt.*" (Emphasis added.)

Under the foregoing emphasized portion of Condition 4, it is inferable that the receipt provided interim coverage distinct from coverage under the policy applied for. This arises from the fact that, if there can be no coverage *simultaneously with insurance provided by the receipt,* the receipt could provide for interim coverage from its date, as the agent allegedly represented.

In reaching its decision, the lower court relied upon the provision appearing on the face of the receipt which states that "the policy shall be deemed to have become effective as applied for and as of the later of the dates of (a) Part I and (b) the last completed Part II (medical) required by the

company's rules for such policy." However, when this language is construed with the provision that there can be no coverage simultaneously with the *insurance provided by the receipt,* it is inferable that the provision relied upon by the lower court referred to the insurance *policy applied for* and not the interim coverage under the receipt.

Since the language of the receipt may be construed so as to either provide or deny coverage, a question of fact is presented as to its proper interpretation. Since a question of fact exists, the trial court erred in its entry of summary judgment. As we observed in *Abrams v. Wright,* 262 S. C. 141, 202 S. E. (2d) 859:

"Summary judgment 'should be granted only where it is clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law . . .. And this is true even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom.' *Stevens v. Howard D. Johnson Company,* 181 F. (2d) 390, 394 (4 Cir.)."

The summary judgment is reversed and the case remanded for further proceedings.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.