20409

SUMTER DAIRIES, INC., Respondent, v. J. C. PELFREY, d/b/a Burger Park of Manning, S. C., Appellant.

(234 S. E. (2d) 490)

*Ralph F. Cothran, Esq.,* of Manning, *for Appellant.*

*Messrs. Lee, Moise & Myers,* of Sumter, *for Respondent.*

April 20, 1977.

RHODES, Justice:

The defendant in this action appeals from the order of the circuit judge granting summary judgment to the plaintiff. Finding that the plaintiff's claim is a material fact in dispute, we reverse and remand the case.

The plaintiff's action is based on (1) the alleged indebtedness of one Floyd Bobby Turbeville and Burger Park to the plaintiff, and (2) Turbeville's sale of Burger Park to the defendant allegedly without complying with the bulk transfer provisions of the Uniform Commercial Code, S. C. Code § 10.6-101 *et seq.* (1962). Attached to the Notice of Motion for Summary Judgment was an itemized account showing purchases of plaintiff's dairy products by Turbeville and Burger Park between July 17, 1973 and October 12, 1973, totaling $1,897.17.

Granting summary judgment is proper under Circuit Court Rule 44(c) when there is "no genuine issue as to any material fact . . ." and the "moving party is entitled to judgment as a matter of law. . . ." *C.I.T. Financial Services v. Hunt et al.,* S. C., 230 S. E. (2d) 713 (Opinion No. 20324 filed December 8, 1976). In the instant case, the defendant's Answer asserted that the plaintiff's claim against Turbeville and Burger Park was a disputed claim and was offset by rebates due from the sale of the plaintiff's dairy products by Turbeville. Additionally, the defendant presented to the court Turbeville's "Bulk Transfer Affidavit". This affidavit characterized the plaintiff's claim as "disputed". The circuit judge erred in granting summary judgment to the plaintiff, because

the Answer and the "Bulk Transfer Affidavit" together show that the plaintiff's claim is a matter in dispute.

This determination makes unnecessary a consideration of the defendant's remaining exceptions.

Reversed and remanded for trial on all issues.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.