21208

W. L. NEAL, Jr., Respondent, v. CAROLINA POWER AND LIGHT
COMPANY and Robert Arrington, Appellants.

(265 S. E. (2d) 681)

*Benny R. Greer,* of *Greer & Milling,* Darlington, *for appellants.*

*W. L. Neal, Jr., pro se.*

April 28, 1980.

GREGORY, Justice:

This appeal is from an order in the magistrate's court denying appellants Carolina Power and Light Company and Robert Arrington's motion for judgment. The magistrate's ruling was affirmed on appeal to the circuit court. We conclude the order was interlocutory, dismiss the appeal and remand to the magistrate's court for trial.

Respondent W. L. Neal, Jr. commenced this action seeking damages for the allegedly wrongful and illegal disconnection of electrical service to his home by appellants. The

motion for judgment came before trial and was based on the pleadings and deposition of respondent, taken by appellants before the magistrate pursuant to Section 19-13-30, Code of Laws of South Carolina (1976), and made applicable to proceedings in the courts of magistrates by Section 22-3-110 of the 1976 Code. Both the magistrate and the court below relied on respondent's deposition in finding a jury issue exists.

Had appellants' motion for judgment rested solely on the pleadings and raised only a question of law this appeal from its denial would not have been interlocutory. *Hercules Incorporated v. South Carolina Tax Commission,* S. C., 262 S. E. (2d) 45 (1980). However, the courts below determined the deposition exposes issues of fact ripe for resolution by a jury. Being based on the pleadings and deposition, this motion was one for summary judgment. 73 Am. Jur. 2d, *Summary Judgment,* § 13; see also Rule 44, Circuit Court Rules of Practice; cf. Rules 12(b) and (c), and Rule 56, Federal Rules of Civil Procedure (where the presentation of matters outside of the pleadings converts a motion to dismiss or a motion for judgment on the pleadings into a motion for summary judgment.)

We have consistently held the denial of a motion for summary judgment is not directly appealable because it is an interlocutory decision only. *United States Fidelity and Guaranty Company v. City of Spartanburg,* 267 S. C. 210, 227 S. E. (2d) 188 (1976), and cases cited therein; annotation, 15 A. L. R. 3d 899; 4 Am. Jur. 2d, *Appeal and Error,* §104. Accordingly, the appeal is dismissed and the case is remanded for trial by the magistrate.

Dismissed and remanded.

LEWIS, C. J., LITTLEJOHN and NESS, JJ., and WALTER T. Cox, III, Acting Associate Justice, concur.