0272

ASSOCIATES FINANCIAL SERVICES COMPANY OF SOUTH CARO-
LINA, INC., f/d/b/a Associates Discount Corporation, Appellant, v.
GORDON'S AUTO SALES, INC., Gordon J. Cantey, and Wanda Cantey,
Defendants, of whom Gordon's Auto Sales, Inc., and Gordon J. Cantey,
are Respondents.

(320 S. E. (2d) 501)

Court of Appeals

*Donald E. Rothwell,* Columbia, *for appellant.*

*Marvin P. Jackson, Jr.,* Florence, *for respondents.*

Heard July 30, 1984.

Decided Sept. 14, 1984.

SANDERS, Chief Judge:

Associates Financial Services appeals a circuit court order overruling the report of a special master and placing this breach of contract action against respondents Gordon Auto Sales, Inc., and Gordon J. Cantey on the roster for a jury trial. We dismiss the appeal.

Associates Discount Corporation, predecessor to Associates Financial Services, entered into a contract by the terms

of which it agreed to finance the purchases of certain cars for Gordon Auto. Gordon J. Cantey and Wanda Cantey guaranteed the payment of all indebtedness incurred by Gordon Auto pursuant to this contract. Associates Financial as successor in interest to Associates Discount sued Gordon Auto and Gordon J. and Wanda Cantey seeking damages, interest, attorneys' fees and "such other and further relief as may be equitable" for breach of this contract.[1]

The parties then proceeded to inundate the case with a veritable torrent of paper. Following numerous answers, amended answers, counterclaims, demurrers and various motions, the parties jointly moved and consented to an order referring the case to a special master. The order was unusual in its terms, to say the least. It was entitled, "Order of Reference with Reservations" and after noting "that there are many substantial legal issues and a possible accounting involved in this action and that the Defendants wish a jury trial on all issues to which they are entitled to a jury trial," it proceeded to refer the matter to the special master:

> ... for purposes of hearing all testimony in the case and deciding on all issues of law in the case and establishing whether or not there is legal foundation, after hearing all testimony in the case, for a cause of action upon any of the actions existing, whether they be the original action or the Counterclaims and to decide, in addition, what issues of fact should be framed for submission to the jury.

The order then concluded with the following language:

> ORDERED, that the captioned matter be referred to the Honorable George Thomy, as Special Master, for purposes of taking testimony and reporting his conclusions of fact and law back to this Court upon the proposition as to whether or not there is legal foundation for the cause of action of the Plaintiff, the Counterclaims and defenses of the Defendants, and what issues of fact should be framed for the jury.

---

[1] Although a defendant in the action, Wanda Cantey is not a respondent on appeal.

After a hearing on the matter which included the taking of substantial testimony, the special master reported, in effect, that there were no disputed issues of fact to be submitted to a jury, and Associates was entitled to judgment as a matter of law.

Gordon Auto and Cantey excepted to this report. The circuit judge reversed the special master stating as his basis for doing so:

> This Court deems its province in the matter before it to decide whether or not there are any triable issues of fact for a jury in the case. It is of the opinion that it must follow the same basic doctrine of law in considering this matter that is applied when considering motions for summary judgment.
>
> Summary judgment should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. This is even true where there is no dispute as to the evidentiary facts but only as to conclusions or inferences to be drawn therefrom. *Gardner vs. Campbell,* 257 S. C. 209, 184 S. E. (2d) 700 (1971); *Travenot vs. Commercial Travelers Mut. Accident Ass'n of America,* 259 S. C. 235, 191 S. E. (2d) 251 (1972); *Abrams vs. Wright,* 262 S. C. 141, 202 S. E. (2d) 859 (1974). On a motion for summary judgment, the inferences to be drawn from the underlying facts contained in the record must be reviewed in the light most favorable to the party opposing the motion. *Spencer vs. Miller,* 259 S. C. 453, 192 S. E. (2d) 863 (1972). All ambiguities, conclusions and inferences arising in and from the evidence must be construed most strongly against the movant for summary judgment. *Williams vs. Chesterfield Lumber Company,* (1976) 267 S. C. 607, 230 S. E. (2d) 447.

The circuit judge then went on to conclude, among other things, that there were six issues of fact and ordered the case placed on the roster for a jury trial on these issues.

Associates argues on appeal that the circuit judge erred in applying the summary judgment standard in deciding whether there were facts in dispute and urges the applicable standard should be whether Gordon Auto Sales

and Cantey established a prima facie case before the special master in support of the allegations contained in their pleadings. We reject this argument.

In our opinion, the motion of the parties for the order of reference here amounted to a joint motion for summary judgment. The report of the special master had the effect of recommending summary judgment. The order of the circuit judge, in effect, overruled that recommendation and denied summary judgment. An order denying a motion for summary judgment is interlocutory and not directly appealable. *Mitchell v. Mitchell,* 276 S. C. 44, 275 S. E. (2d) 1 (1981).

Accordingly, this appeal is

Dismissed.

GARDNER and CURETON, JJ., concur.