Charles R. BALLENGER, Respondent v. William M. BOWEN
and Bowen, Pitts & Morton, Appellants.

(443 S.E. (2d) 379)

Supreme Court

March 15, 1994.

## ORDER

This is an appeal of an order denying summary judgment. Respondent moves to dismiss the appeal, arguing the order is not appealable. Appellants, relying on the second footnote in *Ex parte South Carolina Farm Bureau Mutual Insurance Co.,* — S.C. —, 431 S.E. (2d) 252 (1993), assert the order is immediately appealable because statements made in the order have the effect of striking their defense of *res judicata*/collateral estoppel. We disagree and dismiss the appeal.

This Court has repeatedly held that the denial of summary judgment is not directly appealable. *Willis v. Bishop,* 276 S.C. 156, 276 S.E. (2d) 310 (1981); *Mitchell*

v. Mitchell, 276 S.C. 44, 275 S.E. (2d) 1 (1981); *Neal v. Carolina Power and Light*, 274 S.C. 552, 265 S.E. (2d) 681 (1980); *United States Fidelity & Guaranty Co. v. City of Spartanburg*, 267 S.C. 210, 227 S.E. (2d) 188 (1976); *Medlin v. W.T. Grant, Inc.*, 262 S.C. 185, 203 S.E. (2d) 426 (1974); *Greenwich Savings Bank v. Jones*, 261 S.C. 515, 201 S.E. (2d) 244 (1973); *Geiger v. Carolina Pool Equipment Distributors, Inc.*, 257 S.C. 112, 184 S.E. (2d) 446 (1971); *see also Gilmore v. Ivey*, 290 S.C. 53, 348 S.E. (2d) 180 (Ct. App. 1986); *Associates Financial Services Co. of South Carolina, Inc. v. Gordon Auto Sales*, 283 S.C. 53, 320 S.E. (2d) 501 (Ct. App. 184). A majority of the other jurisdictions have reached this same conclusion. 4 C.J.S. *Appeal and Error*, § 98 (1993); 4 Am. Jur. (2d) *Appeal and Error*, § 104 (1962 & Supp. 1993); 15 A.L.R. (3d) 899 (1967 & Supp. 1993). Further, this Court has held that the denial of summary judgment is not reviewable even in an appeal from final judgment. *Raino v. Goodyear Tire*, — S.C. —, 422 S.E. (2d) 98 (1992); *Holloman v. McAllister*, 289 S.C. 183, 345 S.E. (2d) 728 (1986).

A denial of a motion for summary judgment decides nothing about the merits of the case, but simply decides the case should proceed to trial. *Parker Oil Co. v. Smith*, 34 N.C. App. 324, 237 S.E. (2d) 882 (1977); *cf. Geiger v. Carolina Pool Equipment Distributors, Inc., supra*. The denial of summary judgment does not establish the law of the case, and the issues raised in the motion may be raised again later in the proceedings by a motion to reconsider the summary judgment motion or by a motion for a directed verdict. *Johnston v. Bowen*, — S.C. —, 437 S.E. (2d) 45 (1993) (motion to reconsider); *Weil v. Weil*, 299 S.C. 84, 382 S.E. (2d) 471 (Ct. App. 1989) (statement made while denying summary judgment is not the law of the case); *PPG Industries v. Orangeburg Paint & Decorating Center, Inc.*, 297 S.C. 176, 375 S.E. (2d) 331 (Ct. App. 1988) (motion to reconsider); 21 C.J.S. *Courts*, § 149, p. 183 (1990).

In short, the denial of summary judgment does not *finally* determine anything about the merits of the case and does not have the effect of striking any defense since that defense may be raised again later in the proceedings. Therefore, an order denying a motion for summary judg-

ment is not appealable.[1] *Good v. Hartford Accident & Indemnity Co.*, 201 S.C. 32, 21 S.E. (2d) 209 (1942) (an order which has not resulted in any binding adjudication of the rights of the parties is not appealable). To the extent that *Ex parte South Carolina Farm Bureau Mutual Ins. Co., supra,* and *Carter v. Florentine Corp.*, — S.C. —, 423 S.E. (2d) 112 (1992),[2] are inconsistent with this conclusion, they are overruled.

Accordingly, this appeal is dismissed. Costs under Rule 222, SCACR, shall not be assessed against any party.

It is so ordered.

/s/ A. Lee Chandler A.C.J.
/s/ Ernest A. Finney, Jr. A.J.
/s/ Jean H. Toal A.J.
/s/ James E. Moore A.J.

HARWELL, C.J., not participating.

---

[1] We also take this opportunity to remind the trial bench that it is unnecessary to make findings of fact and conclusions of law in denying motions for summary judgment. Rule 52, SCRCP.

[2] *Carter* holds that the denial of summary judgment which determines a question of subject matter jurisdiction is immediately appealable. First, it is inappropriate to raise a question of subject matter jurisdiction by a motion for summary judgment. A challenge to subject matter jurisdiction should be raised by a motion to dismiss under Rule 12(b)(1), SCRCP. 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2713 (1983).

Second, as indicated by the foregoing analysis, it is clear that the denial of a motion for summary judgment never finally determines anything. Therefore, even it it were proper to challenge subject matter jurisdiction by a summary judgment motion, the denial of that motion would not be appealable. *Good v. Hartford Accident & Indemnity Co., supra.*