486 S.E.2d 1

**Herb SILVERMAN, Respondent,**

v.

**Carroll A. CAMPBELL, individually; David M. Beasley, in his capacity as Governor of South Carolina; Jim Miles, in his official capacity as Secretary of State for South Carolina; and The State of South Carolina, Appellants.**

No. 24622.

Supreme Court of South Carolina.

Heard Oct. 3, 1996.

Decided May 27, 1997.

Rehearing Denied July 10, 1997.

Stephen P. Groves, Bradish J. Waring, and Stephen L. Brown, all of Young, Clement, Rivers & Tisdale, LLP, Charleston; and Attorney General Charles Molony Condon and Deputy Attorney General Treva G. Ashworth, Columbia, for appellants.

Edmund H. Robinson, Cambridge, MA; and Armand Derfner, Charleston, for respondent.

FINNEY, Chief Justice.

This is an appeal from an order which, in pertinent part, denied appellants' summary judgment motions and declared two parts of the South Carolina Constitution violative of the United States Constitution. We affirm the constitutional ruling and dismiss the appeals from the summary judgment rulings.

Respondent's application to become a Notary Public was returned by appellant Secretary of State Miles along with a letter explaining the application was being returned because it did "not comply with the South Carolina Constitution and statutes applicable to Notaries." Respondent, an atheist, had stricken through the portion of the oath on the application which read "So help me God." Respondent then sent his application straight to appellant Governor Carroll Campbell in September 1992. In December 1992, a member of Governor Campbell's staff returned respondent's application because it no longer met the statutory requirement that a notary application be signed by one-half the members of the applicant's county legislative delegation. S.C.Code Ann. § 26-1-20 (1991).[1]

Respondent then brought this action for mandamus and a declaratory judgment against appellants Miles, Campbell, and the State. In his declaratory judgment request, respondent sought to have two parts of the South Carolina Constitution which prohibit public office holding by persons who deny the existence of a Supreme Being[2] declared violative of the First Amendment's Establishment and Free Exercise Clauses and/or the Religious Test Clause, U.S. Const. art. VI, cl. 3.

All parties filed cross-motions for summary judgment. The circuit judge denied the appellants' motions, denied respondent's to the extent it sought mandamus, but granted respondent summary judgment on the declaratory judgment request, holding the State Constitution's "Supreme Being" provisions violative of the First Amendment and the Religious Test

---

1. Although respondent's application was signed by 8 members, the November 1992 election had, as the result of redistricting, increased the number of legislators in respondent's county from 16 to 19.

2. S.C. Const. art. VI, § 2 and art. XVII, § 4.

Clause. See *Torcaso v. Watkins,* 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961) (Maryland Constitution's Supreme Being Clause violates First Amendment and Religious Test Clause). The judge then 'remanded' the matter to "the Governor of the State"[3] with a request he act on respondent's application within thirty days. Governor Beasley, former Governor Campbell, Secretary Miles, and the State have appealed.

■ Appellants first contend the circuit court erred in denying their summary judgment motions because the record is devoid of evidence that their actions here were motivated by "religious discrimination." While we agree there is no evidence that appellants acted other than in conformance with the applicable statutes and Constitutional provisions, it is well-settled that the denial of summary judgment is not directly appealable, *Ballenger v. Bowen,* 313 S.C. 476, 443 S.E.2d 379 (1994), nor is it appealable after final judgment. *e.g., Raino v. Goodyear Tire,* 309 S.C. 255, 422 S.E.2d 98 (1992). We do not address the denial of appellants' summary judgment motions.

■ Appellants next contend the trial judge abused his discretion in deciding the declaratory judgment question, noting that under the Declaratory Judgment Act the decision whether to grant relief rests in the judge's discretion. S.C.Code Ann. § 15–53–70 (1976). Appellants argue that since deciding the validity of the State Constitution's "Supreme Being" provisions will not guarantee respondent a notary appointment, the judge should have declined to address the issue.

We find no abuse of discretion here, especially since respondent's application was rejected by Secretary Miles at least in part on the basis of the Supreme Being provisions, and since Governor Campbell testified that his office routinely "rubber stamped" notary applications which had been approved by the Secretary of State's Office. The Declaratory Judgment Act gives the judge the discretion to refuse to render a declaratory judgment where the decree "would not terminate the uncertainty or controversy giving rise to the proceeding." § 15–53–70. Here, while the ruling does not terminate the

---

**3.** Governor Beasley has been added to the suit. There is no challenge to the court's ability to order this 'remand.'

entire controversy, it does remove uncertainty and the case presents a justiciable controversy. There is no abuse of discretion here.[4]

■ We affirm the circuit court's holding that South Carolina Constitution art. VI, § 2 and art. XVII, § 4 violate the First Amendment and the Religious Test Clause of the United States Constitution. The appeals from the denial of summary judgment are dismissed, and the matter remanded for further proceedings.

AFFIRMED IN PART, DISMISSED IN PART.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.

---

4. We note appellants do not argue that the decision of the circuit judge was wrong on its merits, and in fact cannot make such an argument in light of *Torcaso v. Watkins supra.*