THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Henri Ann
 Logan, Appellant,
 v.
 Wachovia Bank,
 N.A., Wachovia Corporation, Respondents.
 
 
 

Appeal From Beaufort County
 John C. Few, Circuit Court Judge
AFFIRMED

Unpublished Opinion No. 2009-UP-092
Submitted February 2, 2009  Filed
 February 23, 2009
Withdrawn, Substituted, and Refiled May 7,
 2009

 
 
 
 Bruce Robert Hoffman, of St. Helena Island, for Appellant.
 W. Andrew Gowder, Jr., Daniel S. McQueeney, both of Charleston, for Respondent.
 
 
 

PER CURIAM: This
 appeal arises after Henri Ann Logan, a real estate attorney, discovered
 Wachovia made three banking errors concerning her attorney trust account. 
 Wachovia made the banking errors in 1999, and Logan filed suit against Wachovia
 on August 13, 2004.  The trial court granted Wachovia summary judgment because
 Logan failed to comply with the three-year statute of limitations.  Logan
 appeals this ruling and argues the trial court erred by 1) granting Wachovia's
 summary judgment motion because her lawsuit concerns Wachovia's actions after
 she discovered their mistakes; 2) granting Wachovia summary judgment on her
 defamation cause of action; 3) denying her motion for summary judgment; 4) 
 failing to find Wachovia should be estopped from asserting certain defenses
 including the statute of limitations defense; 5) finding a purported 1997
 agreement was the contract between the parties; 6) failing to find unjust
 enrichment applied to her case; and 7)  prematurely granting summary judgment.  We affirm.[1]
1.  The trial court did not
 err in granting Wachovia's summary judgment motion based on the statute of
 limitations.  In South Carolina a party must commence an action within three
 years of the date the cause of action arises.  S.C. Code Ann. § 15-3-530
 (2005).  The three-year statute of limitations "begins to run when the underlying
 cause of action reasonably ought to have been discovered."  Martin v.
 Companion Healthcare Corp., 357 S.C. 570, 575, 593 S.E.2d 624, 627 (Ct.
 App. 2004).  Under the discovery rule, "the three-year clock starts
 ticking on the date the injured party either knows or should have known by the
 exercise of reasonable diligence that a cause of action arises from the
 wrongful conduct."  Id. at 575-76, 593 S.E.2d at 627 (internal
 citation omitted).   Further, pursuant to the terms and conditions of Logan's deposit
 account, she agreed to report unauthorized transactions or errors to Wachovia
 within sixty days of receiving her banking statement.  As a general rule, in South Carolina, parties may exercise freedom of contract, so long as the contract is
 lawful.  Jordan v. Aetna Cas. & Sur. Co., 264 S.C. 294, 297,
 214 S.E.2d 818, 820 (1975) ("While parties are generally permitted to
 contract as they desire, freedom to contract is not absolute and coverage
 required by law may not be omitted."). 
2.  The trial court did not
 err in granting Wachovia's summary judgment motion on Logan's defamation
 claim.  "In order to prove defamation, a party must show: (1) a false and
 defamatory statement was made; (2) the unprivileged publication of the
 statement to a third party; (3) the publisher was at fault; and (4) either the
 statement was actionable irrespective of harm or the publication of the
 statement caused special harm."  Williams v. Lancaster County Sch. Dist., 369 S.C. 293, 302-03, 631 S.E.2d 286, 292 (Ct. App. 2006).  Hearsay is a
 "statement, other than one made by the declarant while testifying at the
 trial or hearing, offered in evidence to prove the truth of matter asserted." 
 Rule 801(c), SCRE.  Generally, hearsay is inadmissible.  Rule 802, SCRE.  Under
 the South Carolina Rules of Civil Procedure, an affidavit supporting summary
 judgment must be made on personal knowledge, must be admissible, and must show
 the affiant's competency to testify.  Rule 56(e), SCRCP ("Supporting and
 opposing affidavits shall be made on personal knowledge, shall set forth such
 facts as would be admissible in evidence, and shall show affirmatively that the
 affiant is competent to testify to the matters stated therein.").  
3.  The trial court did not
 err in denying Logan's summary judgment motion because this issue is not
 immediately appealable.  See Ballenger v. Bowen, 313 S.C. 476,
 476, 443 S.E.2d 379, 380 (1994) (holding "the denial of summary judgment
 is not directly appealable.").  Moreover, even in an appeal from a final
 judgment, a denial of summary judgment is not reviewable.  Id. at 477,
 443 S.E.2d at 380.  Accordingly, we need not address the denial of summary
 judgment issue.
4.  The trial court did not
 err in finding Wachovia was not estopped from asserting defenses or in finding
 a 1997 contract was the controlling agreement between the parties.  The purpose
 of Rule 59(e), SCRCP, motion is to request for the trial judge to reconsider
 matters properly encompassed in a decision on the merits.  Collins Music
 Co., Inc. v. IGT, 353 S.C. 559, 562, 579 S.E.2d 524, 525 (Ct. App. 2002).  In Pye v. Estate of Fox, the South Carolina Supreme Court identified two
 ways to preserve an issue for appeal as either: "a ruling by the trial
 [court] or a post-trial motion."  369 S.C. 555, 566, 633 S.E.2d 505, 511
 (2006).  During the hearing on the summary judgment motion, Logan argued
 Wachovia "should be estopped from even raising the [statute of
 limitations] argument."  However, the trial court did not rule on the
 estoppel argument or rule on whether the 1997 contract governed relations
 between the parties at the end of the hearing or in its order granting summary
 judgment.  Logan should have filed a Rule 59(e) motion, alerting the trial
 court to both issues and giving the court an opportunity these issues.  See Pye, 369 S.C. at 565, 633 S.E.2d at 510.  Instead, Logan directly
 appealed the trial court's order granting Wachovia's summary judgment motion. 
 Because this issue was never raised at the trial level, it is not preserved for
 our review.  In re Michael H., 360 S.C. 540, 546, 602 S.E.2d 729, 732
 (2004) ("An issue may not be raised for the first time on appeal.  In
 order to preserve an issue for appeal, it must be raised to and ruled upon by
 the trial court.").  
5.  Logan's unjust enrichment
 argument is abandoned.  An issue is deemed abandoned and will not be considered
 on appeal if the argument is raised in a brief but not supported by authority.  State v. Jones, 344 S.C. 48, 58-59, 543 S.E.2d 541, 546 (2001).  Logan failed to cite any authority in support of her unjust enrichment assertion;
 therefore, she abandoned this issue on appeal.
6.  The trial court did not
 prematurely grant Wachovia's motion for summary judgment.  Until the opposing
 party has had a full and fair opportunity to investigate, summary judgment is a
 drastic remedy and must not be granted.  Dawkins v. Fields, 354 S.C. 58,
 69, 580 S.E.2d 433, 439 (2003).  "Nonetheless, the nonmoving party must
 demonstrate the likelihood that further discovery will uncover additional
 relevant evidence and that the party is not merely engaged in a fishing
 expedition."  Id. (internal citations omitted).  Logan did not
 demonstrate further discovery would uncover additional relevant facts. 
 Accordingly, the trial court did not prematurely grant summary judgment.  
AFFIRMED.
HEARN, C.J., PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.