THIS OPINION HAS
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE
 STATE OF SOUTH CAROLINA
In
 The Court of Appeals

 
 
 
 Jerome B. Crites, Jr.,
 Christopher E. Coley, Michael L. Prescott, Louis A. Feher, and Patrick T.
 Autore, Appellants,
 
 
 

v.

 
 
 
 Frederick Henry Horlbeck,
 Eleanor Greene Horlbeck, Robert Bradley Company, Inc., and Polly Point
 Plantation Property Owners Association, Inc., Respondents.
 
 
 

Appeal
 from Charleston County
 Roger
 M. Young, Circuit Court Judge

Unpublished
 Opinion No. 2012-UP-095
 Heard
 January 26, 2012  Filed February 22, 2012   

REVERSED
 AND REMANDED

 
 
 
 
 Keating L. Simons, III, of Charleston, for Appellants.
 Henrietta
 U. Golding and Alicia E. Smith, of Myrtle Beach, for Respondents Frederick
 Henry Horlbeck and Eleanor Greene Horlbeck. 
 Wallace
 K. Lightsey, Rita Bolt Barker, and Sarah Sloan Batson, of Greenville, for
 Respondent Robert Bradley Company, Inc.
 
 
 

PER
 CURIAM: In
 this action to dissolve a property owners' association, Appellants, Jerome
 Crites, Jr., Christopher Coley, Michael Prescott, Louis Feher, and Patrick
 Autore (Owners), challenge the circuit court's order granting partial summary
 judgment to Respondent Robert Bradley Company, Inc. (RBC) and denying Owners'
 two motions for partial summary judgment.  We reverse the order granting
 partial summary judgment to RBC and remand for further proceedings.  
1.  As
 to the
 propriety of granting partial summary judgment to RBC regarding voting rights
 under the original Declaration, we conclude the circuit court erred.  The terms of the
 original Declaration are subject to more than one reasonable interpretation.  Therefore, the intent underlying the original Declaration
 must be determined by the finder of fact.  See S.C. Dep't of
 Natural Res. v. Town of McClellanville, 345 S.C. 617, 623, 550 S.E.2d 299,
 302 (2001) ("A contract is ambiguous when the terms of the contract are
 reasonably susceptible of more than one interpretation."); id. at
 623, 550 S.E.2d at 303 (citation omitted) ("Once the court decides the
 language is ambiguous, evidence may be admitted to show the intent of the
 parties.  The determination of the parties' intent is then a question of fact."). 
2.  We
 decline to reach Appellants' arguments regarding the South Carolina Nonprofit
 Corporation Act and the rules applicable to covenant amendments imposed
 unilaterally by developers.  These questions arose solely from Owners'
 first motion for summary judgment, which the circuit court denied.  RBC's
 summary judgment motion addressed only the issue concerning interpretation of the
 original Declaration.
While the
 circuit court determined the amendments to the Declaration were valid, rather
 than concluding there were genuine issues of material fact on this question, the
 denial of a motion for summary judgment is not appealable regardless of the
 language used in the order denying summary judgment.  See Olson v.
 Faculty House of Carolina,
 Inc.,
 354 S.C. 161, 167, 580 S.E.2d 440, 443 (2003) (quoting Ballenger v.
 Bowen,
 313 S.C. 476, 477, 443 S.E.2d 379, 380 (1994)) (holding that the denial of summary judgment does not finally determine
 anything about the merits of the case).  Further, the denial of summary
 judgment may not be reviewed even if another appealable issue is before the
 court.  See id. (holding that the
 denial of summary judgment is not reviewable even in an appeal from final
 judgment).

 A denial of a motion for summary judgment decides nothing about
 the merits of the case, but simply decides the case should proceed to trial.  The
 denial of summary judgment does not establish the law of the case, and the
 issues raised in the motion may be raised again later in the proceedings by
 a motion to reconsider the summary judgment motion or by a motion for a
 directed verdict. 
 In short, the denial of
 summary judgment does not finally determine anything about the merits of
 the case and does not have the effect of striking any defense since that
 defense may be raised again later in the proceedings.  Therefore, an order
 denying a motion for summary judgment is not appealable.

Ballenger, 313 S.C. at
 477-78, 443 S.E.2d at 380 (citations omitted) (emphasis added).
REVERSED AND
 REMANDED.
SHORT, WILLIAMS,
 and GEATHERS, JJ., concur.