**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Tri-County Development, Inc. and Melinda Holbrooks, Respondents,

v.

Christopher A. Pierce, Appellant.

AND

Christopher A. Pierce, Third-Party Plaintiff,

v.

Jeff Gray, Third-Party Defendant.

AND

Tri-County Development, Inc. and Melinda Holbrooks, Respondents,

v.

Christopher A. Pierce, Appellant.

Appellate Case No. 2011-202946

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No. 2015-UP-205
Heard February 3, 2015 – Filed April 15, 2015

**AFFIRMED**

Thomas Jefferson Goodwyn, Jr., and Rachel Gottlieb
Peavy, both of Goodwyn Law Firm, LLC, of Columbia,
for Appellant.

Thomas Elihue Dudley, III, of Kenison Dudley &
Crawford, LLC, of Greenville, for Respondents.

**PER CURIAM:** Tri-County Development, Inc. and Melinda Holbrooks
(collectively Respondents) commenced this action in 2005 to enforce a mechanic's
lien against Christopher A. Pierce.  In 2011, the case was tried before a jury, which
returned a verdict for Respondents, and Pierce was later ordered to pay attorney's
fees, costs, and prejudgment interest.  Pierce appeals, arguing: (1) his summary
judgment and directed verdict motions, both of which were based on a statute
prohibiting unlicensed home builders from suing to enforce residential building
contracts, should have been granted; (2) the trial court should have submitted the
issue of Tri-County's licensing credentials to the jury; (3) an entry of default
against a third-party defendant should not have been vacated; (4) summary
judgment as to Pierce's liability on the breach of contract claim was improper; and
(5) the award of attorney's fees, costs, and prejudgment interest should be set
aside.[1]  We affirm.

1.  The denial of Pierce's summary judgment motion is not appealable.  *See
Silverman v. Campbell*, 326 S.C. 208, 211, 486 S.E.2d 1, 2 (1997) ("[I]t is well-

---

[1] Pierce filed a first appeal after the jury returned its verdict and a second appeal
after the trial court awarded attorney's fees and prejudgment interest.  Later, he
moved to consolidate his appeals, and this court granted the motion.

settled that the denial of summary judgment is not directly appealable, nor is it appealable after final judgment." (citation omitted)).

Furthermore, because Pierce did not renew his directed verdict motion at the close of his own case, the issue is not preserved for appeal. *See Hendrix v. E. Distribution, Inc.*, 316 S.C. 34, 37, 446 S.E.2d 440, 442 (Ct. App. 1994) (holding the court of appeals was precluded from reviewing issues raised in the directed verdict motions made by the appellant at the end of the respondent's case-in-chief because the appellant "failed to renew these motions at the close of all the evidence"), *vacated in part on other grounds*, 320 S.C. 218, 464 S.E.2d 112 (1995).

2. We further hold Pierce failed to preserve his argument he was entitled to a jury charge on the statutory licensing requirements set forth in section 40-59-30 of the South Carolina Code (2011). When the trial court advised Pierce that various statutes from Title 40 of the Code would not be charged, Pierce requested only that the court revisit its rulings regarding Chapter 11 of Title 40 and made no arguments concerning Chapter 59 of Title 40. *See* Rule 51, SCRCP ("No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds for his objection.").

3. In his third-party complaint, Pierce alleged the third-party defendant, a principal of Tri-County, made fraudulent misrepresentations about Tri-County's licensing credentials, the time it would take to complete the contract, and several modifications to the contract. After the principal failed to file responsive pleadings, he was found to be in default. The principal unsuccessfully moved to have the entry of default set aside. Later, however, a different circuit judge vacated the entry of default. Pierce contends this was an abuse of discretion.

We agree with Pierce that one circuit judge does not have the power to reverse an order of another circuit judge. *See Cook v. Taylor*, 272 S.C. 536, 538, 252 S.E.2d 923, 924 (1979) (reversing the appealed order because it "amounted to a review by [the issuing judge] of the order of another circuit judge"); *Frampton v. S.C. Dep't of Transp.*, 406 S.C. 377, 386, 752 S.E.2d 269, 274 (Ct. App. 2013) (holding a pretrial court order from one trial judge denying a request for a non-jury trial could not be overturned by another trial judge who eventually tried the case). Furthermore, the decision to set aside the entry of default was apparently based on circumstances that arose after the prior order was issued, rather than on "good

cause," as required by Rule 55(c), SCRCP, and no explanation was given as to why relief from the entry of default would serve the interests of justice. *See Sundown Operating Co. v. Intedge Indus.*, 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009) (stating the "good cause" standard "requires a party seeking relief from an entry of default . . . to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice"). Despite these concerns, we hold the error was harmless because Pierce failed to satisfy his burden of proving his damages. *See Solley v. Navy Fed. Credit Union, Inc.*, 397 S.C. 192, 203, 723 S.E.2d 597, 603 (Ct. App. 2012) ("A defendant in default admits liability but not the damages as set forth in the prayer for relief."). During the years this case was pending, Pierce never presented or attempted to present evidence of any damages proximately resulting from any fraudulent misrepresentations allegedly made by Tri-County's principal.

4.  We also reject Pierce's challenge to the grant of summary judgment to Respondents on the issue of liability on their breach of contract claim. In granting summary judgment, the trial court found (1) Pierce attempted a unilateral modification of the contract; (2) Respondents never agreed to Pierce's proposed changes; (3) Pierce's actions, which included locking Respondents out of the residence, constituted a material breach of the contract; and (4) Pierce failed to produce admissible evidence to support a claim of damages that would offset what he owed on the contract. Pierce's brief does not include any explanation as to why these statements are incorrect. Furthermore, no evidence in the record suggests there is a genuine issue of material fact as to whether Respondents ever agreed to Pierce's attempts to modify the contract. We therefore find no reason to reverse the grant of summary judgment. *See* Rule 56(e), SCRCP (stating that the non-moving party in a summary judgment motion "must set forth specific facts showing that there is a genuine issue for trial"); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) ("Mere allegations of error are not sufficient to demonstrate an abuse of discretion.").

5.  Finally, Pierce argues that if the underlying judgment against him is vacated, he is entitled to have the award of attorney's fees and costs, plus the award of prejudgment interest, vacated as well. Because we upheld the underlying judgment, we affirm the awards of attorney's fees, costs, and prejudgment interest.

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**