**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

CitiMortgage, Inc., Respondent/Appellant,

v.

Brodie M. Trickey aka Brodie McCary Trickey and Barberry Woods Property Owners Association, Defendants.

Of whom Brodie M. Trickey is the Appellant/Respondent.

Appellate Case No. 2013-002437

---

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

---

Unpublished Opinion No. 2015-UP-312
Heard April 21, 2015 – Filed June 24, 2015

---

**AFFIRMED**

---

Mary Leigh Arnold, of Mary Leigh Arnold, PA, of Mount Pleasant, for Appellant/Respondent.

Damon Christian Wlodarczyk, of Riley Pope & Laney LLC, of Columbia, for Respondent/Appellant.

**PER CURIAM:** This is a cross-appeal arising from a foreclosure action initiated by Respondent/Appellant CitiMortgage, Inc., against Appellant/Respondent Brodie M. Trickey.  In the appealed order, the Master-in-Equity granted summary judgment to CitiMortgage on Trickey's counterclaims but declined to grant summary judgment to CitiMortgage on its foreclosure action.  Trickey appeals the dismissal of his counterclaims, and CitiMortgage cross-appeals the denial of summary judgment on its foreclosure action.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to summary judgment on Trickey's counterclaim for breach of contract and breach of good faith and fair dealing: *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 334 S.C. 469, 487, 514 S.E.2d 126, 135 (1999) ("One who seeks to recover damages for breach of a contract, to which he was a party, must show that the contract has been performed on his part, or at least that he was, at the appropriate time, able, ready, and willing to perform it." (internal quotation marks omitted)); *RoTec Servs., Inc. v. Encompass Servs., Inc.*, 359 S.C. 467, 473, 597 S.E.2d 881, 884 (Ct. App. 2004) ("[W]e conclude the implied covenant of good faith and fair dealing is not an independent cause of action separate from the claim for breach of contract."); *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 562 (7th Cir. 2012) (allowing a mortgagor who was ultimately denied a loan modification under the Homes Affordable Modification Program to bring a common-law breach of contract action against her financial institution because the financial institution countersigned the temporary payment plan that the mortgagor had executed and advised the mortgagor that she "would receive a permanent 'Loan Modification Agreement' after the trial period, provided she was 'in compliance with this Loan Trial Period and [her] representations  . . . continue[d] to be true in all material respects'" (alterations in original)).

2. As to summary judgment on Trickey's counterclaim for unjust enrichment: *Columbia Wholesale Co., Inc. v. Scudder May N.V.*, 312 S.C. 259, 261, 440 S.E.2d 129, 130 (1994) (noting quantum meruit has been recognized as an equitable doctrine to allow recovery for unjust enrichment and stating the plaintiff, to recover under quantum meruit, must show a benefit conferred on the defendant by the plaintiff, realization of that benefit by the defendant, and retention by the defendant of the benefit under conditions that make it unjust for the defendant to retain the benefit without paying its value).

3. As to Trickey's counterclaim for negligent misrepresentation: *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 407, 581 S.E.2d 161, 166 (2003) (stating liability for negligent misrepresentation requires showing (1) a false representation by the defendant to the plaintiff, (2) a pecuniary interest of the defendant in making the representation, (3) a duty of care owed by the defendant to communicate truthful information to the plaintiff, (4) the defendant's breach of that duty by failing to exercise due care, (5) justifiable reliance by the plaintiff on the representation, and (6) a pecuniary loss suffered by the plaintiff as the proximate result of the plaintiff's reliance on the representation).

4. As to Trickey's argument that the Master erred in considering an affidavit submitted by CitiMortgage: *M&M Grp., Inc. v. Holmes*, 379 S.C. 468, 474, 666 S.E.2d 262, 265 (Ct. App. 2008) (holding that even though the appellant correctly asserted on appeal the respondent did not comply with certain technical requirements in moving for summary judgment, the appellant's failure to request appropriate relief from the trial court during the hearing on the summary judgment motion prevented this court from considering whether the appellant was prejudiced by the noncompliance).

5. As to CitiMortgage's cross-appeal: Rule 59(f), SCRCP ("The time for appeal for *all* parties shall be stayed by a timely motion under this Rule and shall run from the receipt of written notice of entry of the order granting or denying such motions." (emphasis added)); *Silverman v. Campbell*, 326 S.C. 208, 211, 486 S.E.2d 1, 2 (1997) ("[I]t is well-settled that the denial of summary judgment is not directly appealable, nor is it appealable after final judgment." (citation omitted)); *Morris v. Anderson Cnty.*, 349 S.C. 607, 610, 564 S.E.2d 649, 651 (2002) (recognizing an appellate court "may, *as a matter of discretion*, consider an unappealable order along with an appealable issue where such a ruling will avoid unnecessary litigation" (emphasis added)); *Ballenger v. Bowen*, 313 S.C. 476, 477, 443 S.E.2d 379, 380 (1994) ("A denial of a motion for summary judgment decides nothing about the merits of the case, but simply decides the case should proceed to trial.").

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**