**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Westbury Park Residential Association, Inc.,
Respondent,

v.

Estate at Westbury Owners Association, Inc., Appellant.

Appellate Case No. 2020-001275

―――――――――

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

―――――――――

Unpublished Opinion No. 2024-UP-028
Submitted October 2, 2023 – Filed January 24, 2024

―――――――――

**DISMISSED**

―――――――――

Ian S. Ford and Ainsley Fisher Tillman, both of Ford Wallace Thomson LLC, of Charleston; and Evan K. Bromley, of Bromley Law Firm LLC, of Bluffton, all for Appellant.

Kathleen Chewning Barnes, of Barnes Law Firm, LLC, of Hampton; and Benjamin Thomas Shelton, of Shelton Law Firm, LLC, of Hilton Head Island, both for Respondent.

―――――――――

**PER CURIAM:**  In this civil matter, Estate at Westbury Owners Association, Inc. (Estate) appeals the master-in-equity's order granting in part and denying in part summary judgment to Estate.  We dismiss the appeal.

Estate argues the master erred in finding that Westbury Park Residential Association, Inc. (Westbury Park) effectively renewed the Declaration and that Estate was not entitled to an accounting of the paid assessment fees.  However, the master denied Estate summary judgment on both of these claims.  "An appeal ordinarily may be pursued only after a party has obtained a final judgment." *Ex parte Cap. U-Drive-It, Inc.*, 369 S.C. 1, 6, 630 S.E.2d 464, 467 (2006).  Our precedent is clear that "the denial of a motion for summary judgment is not immediately appealable."  *Olson v. Fac. House of Carolina, Inc.*, 354 S.C. 161, 167, 580 S.E.2d 440, 443 (2003); *see also Ballenger v. Bowen*, 313 S.C. 476, 476, 443 S.E.2d 379, 380 (1994) ("This Court has repeatedly held that the denial of summary judgment is not directly appealable.").  "The denial of a motion for summary judgment is not appealable because it does not finally determine anything about the merits or strike a defense." *Watson v. Underwood*, 407 S.C. 443, 457, 756 S.E.2d 155, 163 (Ct. App. 2014).  "A denial of a motion for summary judgment . . . simply decides the case should proceed to trial." *Ballenger*, 313 S.C. at 477, 443 S.E.2d at 380.  Therefore, "[t]he denial of summary judgment does not establish the law of the case, and the issues raised in the motion *may be raised again* later in the proceedings by a motion to reconsider the summary judgment motion or by a motion for a directed verdict." *Id.* (emphasis added).  Although the master did make findings when denying summary judgment, he is not bound by these findings when later deciding the merits of the case.  *See Weil v. Weil*, 299 S.C. 84, 89, 382 S.E.2d 471, 473 (Ct. App. 1989) (holding a court is not bound by any reasoning or findings in an order denying summary judgment when making a final determination on the merits); *PPG Indus., Inc. v. Orangeburg Paint & Decorating Ctr., Inc.*, 297 S.C. 176, 183, 375 S.E.2d 331, 334 (Ct. App. 1988) ("A trial judge, until final judgment, controls the trial of the case before him, and as a general rule may amend, correct, modify, or otherwise change its findings of fact and conclusions of law before entry of judgment or decree."); *see also Skywaves I Corp. v. Branch Banking & Tr. Co.*, 423 S.C. 432, 459, 814 S.E.2d 643, 658 (Ct. App. 2018) (alteration in original) ("[I]t is unnecessary to make findings of fact and conclusions of law in denying motions for summary judgment." (quoting *Ballenger*, 313 S.C. at 478 n.1, 443 S.E.2d at 380 n.1)).  Other than the master's grant of summary judgment finding Estate possessed an express appurtenant easement, all other claims and counterclaims remain preserved and ripe for trial.

Accordingly, this is appeal is

**DISMISSED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.