215 N.J. Super. 233 (1987)
521 A.2d 889
JOSEPH HUDAK, LOUIS BECKER AND RUSSELL WALKER, PLAINTIFFS,
v.
WILLIAM F. FOX AND THE TOWNSHIP OF EAST BRUNSWICK, A MUNICIPALITY OF THE STATE OF NEW JERSEY, DEFENDANTS.
WILLIAM FOX, PLAINTIFF,
v.
JOSEPH HUDAK, LOUIS BECKER, RUSSELL WALKER, JACK HENNESSEY AND JOHN FRENCH, DEFENDANTS.
ESTHER NOVAK FOX, PLAINTIFF,
v.
JOSEPH HUDAK, LOUIS BECKER, RUSSELL WALKER, JACK HENNESSEY AND JOHN FRENCH, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 21, 1987.
Decided February 19, 1987.
*234 Before Judges ANTELL, BRODY and LONG.
Andre Gruber argued the cause for appellant Jack Hennessey (Gruber and Raczkowski, attorneys; Andre Gruber on the brief).
A.F. McGimpsey, Jr. argued the cause for respondents William Fox and Esther Novak Fox (McGimpsey and Cafferty, attorneys; A.F. McGimpsey and Thomas J. Cafferty on the brief).
The opinion of the court was delivered by ANTELL, P.J.A.D.
This appeal focuses upon a libel action arising out of a local political campaign in East Brunswick during the fall of 1984. *235 At the time of the alleged libelous statements William Fox was the Mayor of East Brunswick, and he contends in this suit that he was the victim of false and defamatory statements and statements which portrayed him in a false light. On this appeal, defendant Jack Hennessey challenges an order dated July 3, 1986 directing him to answer detailed interrogatories which inquire into his personal financial and business affairs as well as those of his wife who is not a party to the action.
Plaintiffs are public figures within the meaning of New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) and they may therefore recover for defamation only if the defamatory or false light statement was made with actual malice, that is, "with knowledge that it was false or with reckless disregard of whether it was false or not." Id. at 279-280, 84 S.Ct. at 725-726; Time, Inc. v. Hill, 385 U.S. 374, 387, 87 S.Ct. 534, 541, 17 L.Ed.2d 456, 466-467 (1967). "Reckless disregard" is defined as a "high degree of awareness of probable falsity," for proof of which plaintiff must present "sufficient evidence to permit the conclusion that defendant in fact entertained serious doubts as to the truth" of the statements. St. Amant v. Thompson, 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed.2d 262, 267 (1968). An error of judgment is not enough. Time, Inc. v. Pape, 401 U.S. 279, 290, 91 S.Ct. 633, 639, 28 L.Ed.2d 45, 53 (1971); Lawrence v. Bauer Pub. & Print Ltd., 89 N.J. 451, 466 (1982), cert. den., 459 U.S. 999, 103 S.Ct. 358, 74 L.Ed.2d 395 (1982).
While discovery may ordinarily be had regarding any relevant matter involved in a pending action, discovery into a defendant's financial status is barred absent a claim for punitive damages and the assertion of a supporting cause of action. Defendant contends, and plaintiffs do not dispute, that "prima facie proof of the legal right to recover punitive damages is a prerequisite to the discovery of a defendant's financial condition." Stern v. Abramson, 150 N.J. Super. 571, 573 (Law Div. 1977); Gierman v. Toman, 77 N.J. Super. 18, 25 (Law *236 Div. 1962). We approve that proposition. Since the right of plaintiffs herein to punitive damages hinges ultimately on proof of actual malice, prima facie proof thereof is prerequisite to pretrial discovery of defendant's financial worth.
In granting plaintiffs their requested relief the trial court acted only on the papers before it and without oral argument. Although plaintiffs' moving papers noticed a return date of July 18, 1986 in the Middlesex County Court House, both parties were informed around July 1, 1986 that there would be no oral argument and that the matter would be decided on July 3. On July 3, 1986 the court entered its order requiring defendants to answer plaintiffs' interrogatories by July 31, 1986.
No findings accompanied the court's order. In lieu thereof, for support of the order under review plaintiffs rely upon the following statement made by the court at a hearing on May 9, 1986, involving whether defendant was obliged to answer net worth questions on depositions: "[A]s far as I am concerned, and this is going to end it now, a prima facie case has been made. The discovery requested will be given." Earlier in that hearing the court had stated that the complained of statements were half truths and, when put together, painted "only one picture, that the person I am talking about is a crook, is on the take." No further findings were made at that hearing and the question of whether plaintiffs had presented a prima facie case of actual malice was not addressed.
The trial judge's general observations were inadequate for a disposition of the question presented. Specific findings were required as to primary facts and conclusions based thereon. As we have said,
... a trial judge must be explicit in his recital of the evidence and in his factual findings and must so correlate them to his legal conclusions that the judgment entered manifestly appears to be undergirded by legal proof of substantial probative value and by specific factual findings thereon. [Endress v. Brookdale Community College, 144 N.J. Super. 109, 135 (App.Div. 1976)].
*237 Without findings this court is unable to perform its appellate function of deciding whether the determination below is supported by substantial credible proof on the whole record. Mol v. Mol, 147 N.J. Super. 5, 9 (App.Div. 1977); Kenwood Assocs. v. Bd. of Adj. Englewood, 141 N.J. Super. 1, 4 (App.Div. 1976). "Judges should always state their reasons so that counsel and an appellate tribunal may be fully informed." McCann v. Biss, 65 N.J. 301, 304 n. 2 (1974).
Since the matter must be remanded for further proceedings we state for the guidance of the trial court that plaintiffs' prima facie case for disclosure of financial worth must be sufficient to permit a rational fact-finder to find actual malice by clear and convincing evidence. This is the applicable standard of proof for recovery under the First Amendment in a libel action such as this. New York Times Co. v. Sullivan, supra, 376 U.S. at 285-286, 84 S.Ct. at 728-729, 11 L.Ed.2d at 710; Dairy Stores, Inc. v. Sentinel Pub. Co., 104 N.J. 125, 155 (1986); Lawrence v. Bauer Pub. & Print. Ltd., supra, 89 N.J. at 462, 466. In Dairy Stores, Inc., supra, at 156-157, the Supreme Court rejected this criterion for evaluating a plaintiff's proofs submitted in response to a defendant's motion for summary judgment. It was held to be constitutionally required in Anderson v. Liberty Lobby, Inc., 477 U.S. ___, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), but our Supreme Court elected instead to "remain with the traditional test for summary judgment," reasoning "that the clear-and-convincing test inevitably implicates a weighing of the evidence, an exercise that intrudes into the province of the jury." Dairy Stores, supra, 104 N.J. at 156-157. In our view, that decision is not pertinent to the issue here presented for several reasons.
First, Dairy Stores specifically noted that it was "predicated on actual malice as a common-law concept," so that the standard applicable to the grant of summary judgment was there decided as a matter of state, rather than federal or constitutional law. Id. at 156. Here we deal with actual malice as a *238 federal constitutional concept so that the reasoning of Anderson v. Liberty Lobby, Inc. is relevant.
Furthermore, an order for summary judgment effectively displaces a jury as the ultimate vehicle for resolving a dispute, whereas the discovery issue before us is interlocutory in nature and entirely outside the province of a jury. Moreover, different values are involved here than on a motion for summary judgment. On a motion for summary judgment the very survival of the lawsuit is at issue. Here plaintiffs are only looking for evidence to support their claim to damages over and above what is necessary to repair their hurt. But against plaintiffs' right to gather data germane to their claim for punitive damages must be balanced defendant's right to privacy. To succeed in their claim for recovery plaintiffs must eventually show actual malice to a jury with "convincing clarity." Lawrence v. Bauer Pub. & Print. Ltd., supra, 89 N.J. at 466. Although requiring a prima facie judicial determination that their evidence has the capacity to satisfy this test may indeed involve some weighing of the evidence, this implicates a negligible cost to plaintiffs in order to accord reasonable protection to defendant. Once done, the consequences to defendant of ordering him, under the "traditional test for summary judgment," to reveal the private details of his financial worth are irremediable, even though plaintiffs later fail to prove their claim under the higher standard. Unlike an order denying summary judgment, it realistically constitutes a form of final relief to plaintiffs. Since plaintiffs seek such relief before a jury has even considered their claim for punitive damages, we deem it appropriate that their right thereto be decided in terms of whether a reasonable jury could be clearly convinced of actual malice notwithstanding that this will involve the judge in a process of weighing the evidence.
Finally, if, under the constitutional determination of Anderson v. Liberty Lobby, Inc., supra, plaintiffs are held to a prima facie showing of clear and convincing evidence at peril of *239 suffering sudden death to their action, the appropriateness of such a standard here, where plaintiffs seek extraordinary discovery relief and the stakes are certainly less, is clear.
The order under review is vacated and the matter remanded to the Law Division for full oral argument, specific factual findings and conclusions as to all issues touching upon plaintiffs' right to pre-trial financial disclosure. The trial judge is directed to file his findings with the Clerk of the Appellate Division and mail them to counsel within 45 days of the date of this opinion. Counsel may submit their further letter briefs addressed thereto within 10 days after receiving the trial judge's findings.
Remanded. We retain jurisdiction.