23703

Cynthia RAINO, Respondent v. GOODYEAR TIRE AND RUBBER COMPANY, Lee Tire Company, Stokes Honda of Beaufort, Inc., and Barnard Tire Company, Defendants, Of Whom Goodyear Tire and Rubber Company and Lee Tire Company are Appellants.

(422 S.E. (2d) 98)

Supreme Court

*Charles E. Carpenter, Jr.,* and *Deborah L. Harrison,* both of *Richardson, Plowden, Grier & Howser,* Columbia, and *Robert H. Hood* and *Carl E. Pierce, II,* both of *Hood Law Firm,* Charleston, *for appellants.*

*John E. Parker,* of *Peters, Murdaugh, Parker, Eltzroth & Detrick,* Hampton, and *A. Parker Barnes,* of *Barnes & Smith, P.A.,* Beaufort, *for respondent.*

*William C. Anderson, Jr.,* Hampton, *for defendant Barnard Tire Company.*

*Stephen P. Hughes,* of *Howell, Gibson & Hughes, P.A.,* Beaufort, *for defendant Stokes Honda of Beaufort, Inc.*

Heard June 5, 1992

Decided August 31, 1992.

MOORE, Justice:

This is a strict liability case. Appellants Goodyear Tire and Rubber Company (Goodyear) and Lee Tire Company (Lee) allege that the trial judge erred in ruling evidence relating to alcohol was inadmissible and in failing to grant Goodyear's motions for dismissal. We affirm.

## I. FACTS

Respondent Cynthia Raino (Raino) was seriously injured in a single car accident on July 25, 1987, at 9:00 a.m. outside Hardeeville. On August 9, 1988, Raino brought this action in Hampton County against Goodyear, Lee, Stokes Honda of Beaufort, Inc. (Stokes), and Barnard Tire Company (Barnard) under the theories of negligence, warranty, and strict liability. Raino alleged the left rear tire was defective and caused her accident. At trial, Raino pursued only the issue of strict liability.

Raino purchased the car from Stokes on August 16, 1986. Stokes bought the four GT Performer tires on the car from Barnard on July 25, 1986. The allegedly defective tire was

manufactured by Kelly Springfield Tire (Kelly) and sold by Lee. Raino also alleged that Goodyear, which owns the entire stock of Kelly and Lee should be liable for any defect in the tire. Goodyear moved to be dismissed several times before and during the trial on the ground that it did not manufacture the tire. The trial judge denied these motions. The parties then consented to the trial judge deciding whether Goodyear manufactured the tire rather than submitting this issue to the jury. The trial judge ruled that Goodyear was the manufacturer of the tires.

The defense attempted to introduce several items of evidence concerning Raino's consumption of alcohol, which they contended was the actual proximate cause of the accident. The trial judge ruled the evidence was inadmissible. The jury returned a $750,000.00 verdict for Raino against all the defendants. Indemnification was awarded against Goodyear and Lee to Stokes and Barnard. Goodyear and Lee now appeal.

## II. DISCUSSION

The elements of a cause of action for strict liability are 1) the product was not reasonably fit or safe for its intended use; and 2) the defect was the direct and efficient cause of the plaintiff's injury. *Livingston v. Noland Corp.*, 293 S.C. 521, 362 S.E. (2d) 16 (1987). At trial, appellants attempted to introduce several items into evidence concerning Raino's alleged consumption of alcohol contending the proximate cause of the accident was Raino's driving under the influence and speeding. The trial judge ruled the evidence was inadmissible. We agree.

(a) Blood Alcohol Test Result

After the accident, Raino was taken to Savannah's Memorial Medical Center (Memorial) for treatment. Appellants contend that a blood sample was taken from Raino which showed that at 10:50 a.m. she had a .10 blood alcohol content. Appellants offered the test result to support their argument that the proximate cause of the accident was Raino's driving under the influence. Even if we find the test result is relevant, the proper chain of custody must be established for it to be admissible. The trial judge ruled the evidence was inadmissible because the appellants did not establish any chain of evidence or custody. We agree.

Both sides agree that a party offering blood alcohol test results is required to establish a chain of evidence "as far as practicable." *State v. Williams*, 297 S.C. 290, 376 S.E. (2d) 773 (1989); *Benton v. Pellum*, 232 S.C. 26, 100 S.E. (2d) 534 (1957). In *Benton*, this Court stated that "the party offering such specimen is required to establish, at least as far as practicable, a complete chain of evidence, tracing possession from the time the specimen is taken from the human body to the final custodian by whom it is analyzed. Where the substance analyzed has passed through several hands the evidence must not leave it to conjecture as to who had it and what was done with it between the taking and the analysis." *Id.*, 100 S.E. (2d) at 537 (citations omitted).

In *Benton*, the technician who drew the sample testified that he drew the blood, placed it in a vial, labeled it, and wrapped it for mailing to a lab in Charleston. The chemist in Charleston testified he tested the blood in the labeled vial. There was, however, no evidence as to who mailed the vial to Charleston. This Court held the chain of custody was insufficient. Appellants contend that this case is distinguishable because here the sample was tested within twenty minutes in a lab two hundred feet from the trauma room and "all of the persons who handled the blood in the trauma protocol are medically qualified . . ." Regardless of the distance to the lab, appellants do not know who handled the blood. There are not mere gaps in the chain. Appellants failed to establish the proper chain of custody.

The admission of evidence is discretionary with the trial judge. *Williams, supra.* We find no abuse of discretion in the exclusion of the blood alcohol test result.

(b) Other Evidence Relating to Alcohol

At trial, appellants attempted to introduce several ■ other pieces of evidence relating to alcohol use. The trial judge considered each piece of evidence individually and held each inadmissible as too prejudicial and/or not relevant. After carefully reviewing the record, we find that the trial judge did not abuse his discretion. *Williams, supra.*

Appellants also sought to introduce evidence of Raino's ■ use of alcohol on other occasions to contest the claims for damages arising from Raino's addiction to pain medication. Appellants contend Raino had a prior alcohol

abuse problem which created a propensity to develop addictions to other substances, such as the pain medication. This argument is without merit. The defendant takes the plaintiff as he is found and the plaintiff is entitled to recover damages resulting from the aggravation of a pre-existing condition. *Watson v. Wilkinson Trucking Co.*, 244 S.C. 217, 136 S.E. (2d) 286 (1964). "As a general rule, liability for the consequences of one's tortious act is not lessened by reason of the fact that the injuries were aggravated by the plaintiff's unhealthy conditions due to his own bad habits." 22 Am. Jur. (2d) *Damages* § 282 (1988). We find the trial judge did not abuse his discretion in excluding this evidence. *Williams, supra.*

(c) Dismissal of Goodyear

In the statement of issues on appeal, appellants contend the trial judge should have dismissed Goodyear from the case on the ground that it did not manufacture or sell the tire. The trial judge treated Goodyear's motion to dismiss as a motion for summary judgment and ruled there was a triable issue of whether Goodyear could be held liable. The denial of this motion is not reviewable after a trial of the case on its merits. *Holloman v. McAllister*, 289 S.C. 183, 345 S.E. (2d) 728 (1986).

Because we affirm the trial judge's rulings, we need not address appellants' remaining issues that venue should have been changed upon Goodyear's dismissal and the effect of reversal upon Stokes and Barnard.

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.