520 S.E.2d 625

**Colleen STEVENS and Gerald Stevens as Personal Representatives of the Estate of Kevin Marc Stevens, Appellants,**

**v.**

**Edgar Daniel ALLEN and Betty D. Allen, Respondents.**

**No. 3017.**

Court of Appeals of South Carolina.

Submitted June 8, 1999.

Decided June 28, 1999.

Rehearing Denied Sept. 11, 1999.

Certiorari Granted Dec. 14, 1999.

440

442

444

Daniel D. D'Agostino and Cherie R. Teat, both of Roberts & D'Agostino, of York, for appellants.

Edward R. Cole, of The Ward Law Firm, of Spartanburg; and Thomas A. McKinney, of McKinney, Givens & Associates, of Rock Hill, for respondents.

ANDERSON, Judge:

These wrongful death and survival actions arise from a single car accident. Colleen Stevens and Gerald Stevens as Personal Representatives of the Estate of Kevin Marc Stevens (the Personal Representatives) brought the claim against Ed-

gar Daniel Allen, the alleged driver, and Betty D. Allen, the car's owner, after Stevens was killed in the accident. The jury found Stevens and Allen both 50% responsible for Stevens' death and awarded zero damages. The Personal Representatives claimed this award was inconsistent and inadequate, and requested the trial judge (1) instruct the jury to continue deliberations and return with an award of damages; (2) grant a new trial absolute; or (3) grant a new trial *nisi additur*. The trial judge refused. The Personal Representatives made post-trial motions for a new trial as to damages, a new trial *nisi additur*, and judgment notwithstanding the verdict. The trial judge denied all motions. The Personal Representatives appeal. We reverse and remand for a new trial.[1]

## *FACTS/PROCEDURAL BACKGROUND*

Stevens and Allen were involved in a single car accident in the early morning of August 14, 1993. The teenagers had been out partying. A party attendee testified Allen had been drinking and smoking marijuana. Stevens and Allen left the party in Betty Allen's car. The car struck a bridge sign and the bridge before falling down the embankment into a creek. Stevens was killed, and Allen survived with injuries. According to one of the county pathologists, Stevens died from drowning.

The Personal Representatives filed an amended complaint on March 13, 1995, seeking damages for wrongful death and pain and suffering due to Allen's negligence. Liability was contested at trial. Allen denied (1) he was driving the car at the time of the accident and (2) the Personal Representatives suffered damages to the extent claimed. He averred Stevens' conduct was contributorily negligent.

At trial, the Personal Representatives attempted to offer medical records pursuant to Rule 803(6), SCRE, the Business Records Exception. The records consisted of the urinalysis performed on a sample from Allen collected after the crash. The judge refused to admit the evidence, finding a proper

---

1. Because oral argument would not aid the Court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

chain of custody could not be established and therefore it lacked sufficient trustworthiness.

As evidence of actual damages, the Personal Representatives offered funeral bills. They testified about the pain and suffering caused by the loss of their son. Allen introduced evidence that Stevens had been living with him for a period of time and there was a rift between Stevens and his family.

The jury concluded each party 50% liable on both the survival action and the wrongful death action. However, the jury found the Personal Representatives were entitled to "Zero Dollars" in damages on both actions. The Personal Representatives asked the court to instruct the jurors to return to deliberations and render a verdict with damages or to find for the defendant. The trial judge accepted the verdict as presented. The Personal Representatives made post-trial motions for a new trial *nisi additur* or for a new trial absolute. After a discussion about the amount of the *additur* requested, the trial judge denied the motion. The Personal Representatives filed a motion for judgment notwithstanding the verdict as to damages, a motion for *additur*, and a motion for a new trial as to damages. The trial judge denied all three motions.

## *ISSUES ON APPEAL*

I. Did the trial judge err in accepting a verdict finding the defendant 50% liable for negligence, but awarding the plaintiff "Zero Dollars" in damages?

II. Did the trial judge err in not allowing the medical records into evidence under the Business Records Exception of Rule 803(6), SCRE?

## *STANDARD OF REVIEW*

### I. New Trial Absolute

The grant or denial of new trial motions rests within the discretion of the trial judge and his decision will not be disturbed on appeal unless his findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law. *Vinson v. Hartley,* 324 S.C. 389, 477 S.E.2d 715 (Ct.App.1996).

A trial court may grant a new trial absolute on the ground that the verdict is excessive or inadequate. The jury's

determination of damages, however, is entitled to substantial deference. The trial judge must grant a new trial absolute if the amount of the verdict is grossly inadequate or excessive so as to shock the conscience of the court and clearly indicates the figure reached was the result of passion, caprice, prejudice, partiality, corruption or some other improper motives. The failure of the trial judge to grant a new trial absolute in this situation amounts to an abuse of discretion and on appeal this Court will grant a new trial absolute.

*Vinson,* 324 S.C. at 404–05, 477 S.E.2d at 723 (citations omitted).

## II. New Trial *Nisi Additur*

The trial judge alone has the power to grant a new trial *nisi* when he finds the amount of the verdict to be merely inadequate or excessive. *McCourt by and Through McCourt v. Abernathy,* 318 S.C. 301, 457 S.E.2d 603 (1995). Compelling reasons, however, must be given to justify invading the jury's province in this manner. *Pelican Bldg. Ctrs. v. Dutton,* 311 S.C. 56, 427 S.E.2d 673 (1993).

While the trial judge may not impose his will on a party by substituting his judgment for that of the jury, he may give the party an option in the way of *additur* or *remittitur,* or, in the alternative, a new trial. The consideration of a motion for a new trial *nisi additur* requires the trial judge to consider the adequacy of the verdict in light of the evidence presented. The trial judge who heard the evidence and is more familiar with the evidentiary atmosphere at trial possesses a better-informed view of the damages than this Court. Accordingly, great deference is given to the trial judge.

The denial of a motion for a new trial *nisi* is within the trial judge's discretion and will not be reversed on appeal absent an abuse of discretion. This Court has the duty to review the record and determine whether there has been an abuse of discretion amounting to an error of law.

*Vinson,* 324 S.C. at 405–06, 477 S.E.2d at 723–24.

## III. Admission of Evidence

The admission of evidence is a matter left to the discretion of the trial judge and, absent clear abuse, will not

be disturbed on appeal. *Carlyle v. Tuomey Hosp.*, 305 S.C. 187, 407 S.E.2d 630 (1991); *Hofer v. St. Clair*, 298 S.C. 503, 381 S.E.2d 736 (1989). For this Court to reverse a case based on the admission of evidence, both error and prejudice must be shown. *Timmons v. South Carolina Tricentennial Comm'n*, 254 S.C. 378, 175 S.E.2d 805 (1970), *app. dismissed, cert. denied*, 400 U.S. 986, 91 S.Ct. 460, 27 L.Ed.2d 435 (1971), *reh. denied*, 401 U.S. 949, 91 S.Ct. 922, 28 L.Ed.2d 233 (1971).

## *LAW/ANALYSIS*

### I. Zero Damages

### A. Facially Inconsistent

 The Personal Representatives argue the trial court erred in failing to require the jury to return to deliberations to consider the Issue of damages, and in refusing to grant one of their post-trial motions for (1) a new trial *nisi additur*, (2) a new trial as to damages, or (3) a new trial absolute, based on the inconsistency of the verdict. The Personal Representatives contend they are entitled to a new trial as to damages or a new trial absolute as a result of the abuse of discretion by the trial judge in accepting a facially inconsistent verdict. We find the Personal Representatives are entitled to a new trial absolute.

 The Personal Representatives brought this action alleging negligence on the part of Allen resulting in Stevens' death. To prevail in an action founded in negligence, the plaintiff must establish three essential elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) *damage proximately caused by a breach of duty. Reiland v. Southland Equip. Serv., Inc.*, 330 S.C. 617, 500 S.E.2d 145 (Ct.App. 1998) (Emphasis added.); *Rickborn v. Liberty Life Ins. Co.*, 321 S.C. 291, 468 S.E.2d 292 (1996).

The judge charged the jury on both negligence and comparative negligence. The jury's verdict was on a seven question special verdict form. The relevant questions and jury's answers are:

> Q1. Do you find that the defendant, Edgar Daniel Allen, was negligent and

that such negligence proximately caused Kevin Marc Stevens' injuries?

A. Yes.

Q3. Do you find that Kevin Marc Stevens was negligent and that such negligence proximately caused his injuries?

A. Yes.

Q4. If your answers to both question number 1 and question number 3 are yes then answer this question.

Taking the combined negligence that proximately caused Kevin Marc Stevens' injuries as one hundred percent (100%), what percentage of that negligence is attributable to Kevin Marc Stevens and what percentage is attributable to Edgar Daniel Allen?

A. Kevin Marc Stevens 50%
 Edgar Daniel Allen 50%

Q5. Please state the total amount of damages (conscious pain and suffering), if any sustained by Kevin Marc Stevens.

A. Zero Dollars ($0)

Q6. Please state the total amount of damages, if any, sustained by the plaintiffs.

A. Zero Dollars ($0)

The jury found the negligence of the defendant proximately caused Steven's injuries, but failed to award any damages. This is facially inconsistent. Once a plaintiff proves damages proximately caused by the defendant, the verdict of zero damages is inconsistent or incomplete as a matter of law. In *Johnson v. Phillips*, 315 S.C. 407, 433

S.E.2d 895 (Ct.App.1993), *rev'd in part on other grounds,* 318 S.C. 453, 458 S.E.2d 427 (1995), this Court held:

> In this case, the jury returned a verdict in nuisance of "no dollars" actual damages for the plaintiff. As a matter of law, this was either an inconsistent or incomplete verdict. If the jury found the defendant did not unlawfully interfere with the plaintiff's use and enjoyment of his land, even though the diversion of surface water was annoying or harmful to him, the verdict was legally inconsistent. On that view of the evidence, the verdict should have been for the defendant. If the jury found an unlawful interference amounting to a private nuisance, but no actual damages resulting to the plaintiff, it should have returned a verdict for the plaintiff and awarded nominal damages (i.e., one dollar). If it found unlawful interference resulting in actual damage to the plaintiff, even if the amount of the damages was difficult to ascertain, the jury had a duty to return a verdict for the plaintiff and to award damages in a specific dollar amount that, in its best judgment, based on the evidence before it, would compensate the plaintiff for his actual loss. Having found the fact of damage, the jury was required to find the amount of damage. In either of these latter cases, a verdict of "no dollars" for the plaintiff is legally incomplete. Since the defendant is liable for violating the plaintiff's substantive right, the plaintiff is entitled by law to an award of damages.

*Johnson,* 315 S.C. at 415–16, 433 S.E.2d at 900–01.

In the case *sub judice,* assuming the jury was correct in finding Allen proximately caused the injuries of Stevens, the jury should have calculated some amount of damages, either actual or nominal. If there was little or no damage, but there was fault on Allen's part then nominal damages (i.e., one dollar) would be appropriate. If the jury determined the negligence resulted in some amount of actual damage, such as the cost of the funeral bill, then it should have established a specific amount that would best compensate the plaintiff. *Id.*

■ A jury finding of injuries suffered by a plaintiff that were proximately caused by the defendant negates a verdict for the defendant. The interrogatory in this instance encapsulated a finding of *negligence and proximate cause* on the part

of Allen which caused Stevens' injuries. Interrogatory number 1 posited to the jury:

> Do you find that the defendant, Edgar Daniel Allen, was negligent and that *such negligence proximately caused* Kevin Marc Stevens' injuries? (Emphasis added.)

The jury responded: "Yes." The plaintiff in this case is entitled to damages as a matter of law since the jury found the defendant liable.

▮▮▮▮▮▮ "The court cannot lawfully enter judgment on an inconsistent or incomplete verdict. When the jury returns a verdict of 'no damages' for the plaintiff, the judge should inform the jury that he cannot legally accept the verdict." *Krepps by Krepps v. Ausen,* 324 S.C. 597, 479 S.E.2d 290 (Ct.App.1996) (citation omitted). South Carolina law requires a jury determine all issues of fact including the proper amount of damages. *See Johnson, supra; Collier v. Green,* 244 S.C. 367, 137 S.E.2d 277 (1964); *Gwathmey v. Foor Hotel Co.,* 121 S.C. 237, 113 S.E. 688 (1922); *Krepps, supra.* The court is faced with what procedure to use to cure a facially inconsistent and ambiguous verdict. The court cannot construe the verdict of the jury, nor can it "correct" the verdict. *See Johnson, supra.* As stated in footnote 7 to *Johnson:*

> Under our law, where the case is tried to a jury, the judge cannot perform the jury's function for it. If the jury renders an ambiguous verdict, the court must resubmit the case to the jury, not act as a substitute for the jury.

*Johnson,* 315 S.C. at 417, n. 7, 433 S.E.2d at 902, n. 7.

## B. Procedure for the Judge

▮▮▮▮▮▮ If a verdict of "no damages" or "zero dollars" is rendered, after finding the defendant liable, the judge should inform the jury that he cannot accept their verdict and he has a duty to send them back for further deliberations. He should instruct the jury with explanations of nominal and compensatory, or actual, damages. The jury should be charged to assess a definite dollar amount in damages, either nominal or actual, for the plaintiff or find in favor of the defendant. *Krepps, supra.* The judge cannot cure this inconsistent and ambiguous verdict sua sponte. "Further, we hold there is no duty imposed on the trial judge to question a jury's verdict of

liability, but no damages, unless requested to by a party."
*Smith v. Phillips*, 318 S.C. 453, 455, 458 S.E.2d 427, 429
(1995).

The Court has the remedy of granting a new trial
if the jury renders an inadequate or excessive verdict. A new
trial is also warranted if the verdict is inconsistent. *See Rush
v. Blanchard*, 310 S.C. 375, 426 S.E.2d 802 (1993); *Krepps,
supra*. The trial judge is required to grant a motion for a new
trial if the amount of the verdict is so grossly inadequate or
excessive that it shocks the conscience of the court and clearly
indicates the amount was the result of passion, caprice, preju-
dice, partiality, corruption or some other improper motives.
*See Cock–N–Bull Steak House, Inc. v. Generali Ins. Co.*, 321
S.C. 1, 466 S.E.2d 727 (1996); *Krepps, supra*. If a verdict of
this type is reached, and the trial judge denies the motion for
a new trial, it is an abuse of discretion and this Court will
grant a new trial absolute. *Weir v. Citicorp Nat'l Servs., Inc.*,
312 S.C. 511, 435 S.E.2d 864 (1993); *Krepps, supra*.

A new trial *nisi* is one in which a new trial will be
granted unless the party opposing it complies with conditions
set by the court. *Elliott v. Black River Elec. Coop.*, 233 S.C.
233, 104 S.E.2d 357 (1958). The trial judge has the sole power
to grant a new trial *nisi* when he finds the verdict is merely
inadequate or excessive. "[T]he trial judge must distinguish
between awards that are merely unduly liberal or conservative
and awards that are actuated by passion, caprice or preju-
dice." *Allstate Ins. Co. v. Durham*, 314 S.C. 529, 530, 431
S.E.2d 557, 558 (1993).

A verdict of "no damages" or "zero dollars" after a
finding of liability against the defendant is grossly inadequate
and facially inconsistent. If the verdict is not changed by the
jury, the trial judge has a duty to grant a party's motion for a
new trial. *See Krepps by Krepps v. Ausen*, 324 S.C. 597, 479
S.E.2d 290 (Ct.App.1996). The Personal Representatives
moved for a new trial absolute and a new trial *nisi additur*
after the judge refused to return the jury to further delibera-
tions on damages. The motion for a new trial *nisi additur* is
inappropriate because the verdict was more than merely inad-
equate. A new trial absolute should have been granted and its
denial was an abuse of the judge's discretion.

A verdict for the plaintiff for zero dollars cannot stand. As stated in *Johnson, supra,* the court cannot lawfully accept an inconsistent or incomplete verdict. Therefore, under *Johnson,* the trial court was required to either resubmit the case to the jury or grant a new trial absolute.

*Krepps,* 324 S.C. at 610, 479 S.E.2d at 297.

The Personal Representatives made a post-trial motion for a new trial as to damages only. South Carolina Code Ann. § 15–33–125 (Supp.1998) states:

A new trial may be granted to the plaintiff on the issue of damages only and not liability when the only reasonable inference to be drawn from all the evidence, viewed in the light most favorable to the defendant, is that the plaintiff is entitled to a verdict in his favor on the issue of liability as a matter of law. Unless the plaintiff is entitled to a directed verdict on the issue of liability, any new trial must include both issues of liability and damages.

Since liability was contested in this case, a new trial as to damages only would be inappropriate.

### C. Effect of High/Low Agreement

This case had a "high/low" agreement, in which there was a minimum recovery of $ 10,000.00 for the plaintiff regardless of the outcome of the case. It also established a high of $25,000.00 on the liability insurance, but left open recovery under the underinsured protection. The trial judge found that due to this agreement, even if he were to send the case back to the jury, they would have to find damages in excess of $20,000.00 before it would be above the minimum guaranteed, due to the finding of $50\%$ liability.

This agreement should have played no part in the trial judge's determination of whether to send the jury back for further deliberations, or to grant the motion for a new trial. The judge was usurping the province of the jury by deciding that damages would not be above that amount, instead of allowing the jury to perform its duty to find the amount of damages or render a verdict for the defendant. *See Johnson, supra.* Whether the agreement existed or not, it was the duty of the trial judge to send the case back to the jury, or to grant a new trial absolute.

### D. Preservation

Allen argues the motion for a new trial was not preserved because the trial judge never ruled upon it. We disagree.

The Personal Representatives moved for a new trial absolute and a new trial *nisi additur* immediately after the verdict was read and accepted. The court then became involved in a discussion as to whether it could grant the new trial *nisi additur*, and how much the plaintiff was requesting. The trial judge asked for a suggested figure for the *additur*. Plaintiffs' attorney responded with $ 100,000.00. The judge said "I would deny that. All right anything else?" At which time plaintiffs' attorney asked for ten days to file written motions, which was granted. The trial judge, in his order regarding the written motions, commented:

> Defendants took the position that the verdicts were not inconsistent and that no further instruction was warranted. The Court agreed with the Defendant and discharged the jury without further instruction. The Plaintiffs then moved for JNOV, a new trial or a new trial *nisi*. The Court denied these motions but granted Plaintiffs' request for permission to file post-trial motions in writing within 10 days from the conclusion of trial.

We find the motion for a new trial absolute is certainly preserved for review by this Court, as the trial judge stated he denied the motion.

In view of our conclusion that the Personal Representatives are entitled to a new trial absolute, we need not address any issues under the umbrella of the motion for judgment notwithstanding the verdict.

### II. Chain of Custody

Because we reverse and remand for a new trial, we discuss the chain of custody issue as it may arise again. At trial, the Personal Representatives attempted to admit medical reports under the Business Records Exception to hearsay under Rule 803(6), SCRE, in an effort to show Allen had marijuana and cocaine in his system at the time of the accident. The reports showed the results of the urinalysis performed on Allen after the accident. Allen objected on the

grounds that a chain of custody could not be properly established. The Personal Representatives maintain that a chain of custody is not required under the rule.

■ Even under Rule 803(6), SCRE, a proper foundation must be laid for admittance of the evidence, and this includes a chain of custody. In *Benton v. Pellum*, 232 S.C. 26, 100 S.E.2d 534, 537 (1957), the Supreme Court explained:

The problem of showing that the specimen analyzed actually was taken from the subject person is frequently a difficult one, for ordinarily the specimen is passed through several hands before being analyzed and it is not possible to establish identity by a single witness.... While proof need not negate all possibility of tampering, it is generally held that the party offering such specimen is required to establish, at least as far as practicable, a complete chain of evidence, tracing possession from the time the specimen is taken from the human body to the final custodian by whom it is analyzed. Where the substance analyzed has passed through several hands the evidence must not leave it to conjecture as to who had it and what was done with it between the taking and the analysis.

*Benton*, 232 S.C. at 33–34, 100 S.E.2d at 537 (citations omitted.).

Here, the sample was taken at Piedmont Medical Center and sent to a laboratory in New Jersey. The Personal Representatives failed to provide the testimony of any of the technicians that handled the sample once it reached the lab in New Jersey. Dr. Orthman could not provide the names of the individuals that handled the sample. According to Dr. Orthman, the specimen was shipped in a bottle with a screw top, but it was probably not sealed. Dr. Orthman said "a few people" would have handled the specimen once it was at the lab. In *Raino v. Goodyear Tire and Rubber Co.*, 309 S.C. 255, 422 S.E.2d 98 (1992), the Supreme Court noted:

Appellants contend that this case is distinguishable [from Benton] because here the sample was tested within twenty minutes in a lab two hundred feet from the trauma room and "all of the persons who handled the blood in the trauma protocol are medically qualified...." Regardless of the distance to the lab, appellants do not know who handled the

blood. There are not mere gaps in the chain. Appellants failed to establish the proper chain of custody.

*Raino,* 309 S.C. at 258, 422 S.E.2d at 100.

The Personal Representatives have failed to provide a sufficient chain of custody for admittance of the medical report. The admissibility of evidence is left to the sound discretion of the judge, and the refusal to admit the urinalysis report in this case was not an abuse of discretion. *See State v. Cribb,* 310 S.C. 518, 426 S.E.2d 306 (1992); *Raino, supra; State v. Williams,* 297 S.C. 290, 376 S.E.2d 773 (1989); *Benton v. Pellum;* 232 S.C. 26, 100 S.E.2d 534 (1957).

## CONCLUSION

We hold the Personal Representatives are entitled to a new trial absolute. A verdict finding a defendant liable for proximately causing a plaintiff's injuries, but awarding "Zero Dollars" in damages is facially inconsistent. We conclude the Personal Representatives have failed to establish a proper chain of custody in regard to the urinalysis results encapsulated in the laboratory report.

**REVERSED AND REMANDED.**

CURETON and STILWELL, JJ., concur.