**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Heather Anne Bundy, Appellant,

v.

Thomas Elroy Jett and Haier America Research & Development Co., LTD, Respondents,

And

W.H. Bundy, Jr., Appellant,

v.

Thomas Elroy Jett and Haier America Research & Development Co., LTD, Respondents.

Appellate Case No. 2018-001798

―――――――――

Appeal From Kershaw County
DeAndrea G. Benjamin, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2021-UP-350
Submitted April 1, 2021 – Filed October 6, 2021

―――――――――

**AFFIRMED**

―――――――――

Michael Brent McDonald, of Bundy McDonald, LLC, of Summerville, for Appellant.

John Martin Grantland and Rogers Edward Harrell, III, both of Murphy & Grantland, PA, of Columbia, for Respondents.

_____

**PER CURIAM:**  In 2015, Heather Bundy sued Thomas Jett and his employer, Haier America Research and Development Co., Ltd. (collectively, Respondents), for negligence arising out of a motor vehicle accident that occurred in Camden.  In addition, Bundy's husband filed a loss of consortium claim against Respondents.  A Kershaw County jury found in favor of Respondents on all causes of action.  This appeal followed.  Bundy and Husband (collectively, Appellants) argue the trial court erred in admitting Respondents' Exhibit 13, allowing Jett to testify about events of which he had no first-hand knowledge, admitting Brian Boggess's testimony, refusing to allow Appellants to publish a discovery request, and denying Appellants' motion for a directed verdict and post-trial motions as to the issues of liability and damages.  We affirm.[1]

## FACTS

Bundy testified that on the morning of September 3, 2013, she was driving to a doctor's appointment.  She was waiting in a median for about three to five minutes to make a left turn when she was hit by an eighteen-wheeler truck driven by Jett.  Bundy claimed the truck "hit my right-hand side trying to get around me and struck me and was dragging me with him."  Bundy claimed the accident caused neck and back problems that necessitated two surgeries.  Appellants presented medical testimony and expert accident reconstruction testimony to the jury.

Jett testified there were no cars in the median when he pulled into it.  He explained that a "truck and a car is not going to be able to be [there] . . . at the same time.  No, it would be poor judgment of a person even with a car coming up there behind another car."  Jett stated that when he took his foot off the clutch to go forward from the median when traffic cleared, his truck did not move forward and he "couldn't go nowhere because I felt just a bump."  He said, "I didn't drag her like it was said. . . . I got the friction part of the clutch up and that's when I felt the sensation of the car and that's when I stopped and got out."  Jett testified that when

_____

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

he got out of his truck to see what caused the bump, Bundy was standing by her car.  Respondents presented expert accident reconstruction testimony to the jury.  The jury found in favor of Respondents.  This appeal followed.

**ISSUES**

1.  Did the trial court err in admitting Respondents' Exhibit 13 and allowing Jett to testify about it?
2.  Did the trial court err in allowing Respondents' expert to testify?
3.  Did the trial court err in refusing to allow Appellants to publish their request for production of the Sterling Truck?
4.  Did the trial court err in denying Appellants' directed verdict and post-trial motions as to liability and as to damages?

**STANDARD OF REVIEW**

"The admission of evidence is a matter left to the discretion of the trial judge and, absent clear abuse, will not be disturbed on appeal."  *Stevens v. Allen*, 336 S.C. 439, 447-48, 520 S.E.2d 625, 629 (Ct. App. 1999).  "For this Court to reverse a case based on the admission of evidence, both error and prejudice must be shown."  *Id.* at 448, 520 S.E.2d at 629.  Here, prejudice means "there is a reasonable probability the jury's verdict was influenced by the wrongly admitted or excluded evidence."  *Vaught v. A.O. Hardee & Sons, Inc.*, 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005).

"The admission or exclusion of expert testimony is a matter within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent an abuse of discretion."  *Means v. Gates*, 348 S.C. 161, 166, 558 S.E.2d 921, 923 (Ct. App. 2001).

"When reviewing a motion for directed verdict or JNOV, an appellate court must employ the same standard as the trial court." *Byrd ex rel. Julia B. v. McLeod Physician Assocs. II*, 427 S.C. 407, 412, 831 S.E.2d 152, 154 (Ct. App. 2019) (quoting *Wright v. Craft*, 372 S.C. 1, 18, 640 S.E.2d 486, 495 (Ct. App. 2006)). "Motions for directed verdict or JNOV should be denied if the evidence yields more than one reasonable inference or its inference is in doubt." *Id.* (quoting *Allegro, Inc. v. Scully*, 418 S.C. 24, 32, 791 S.E.2d 140, 144 (2016)). "An appellate court will reverse the trial court's ruling only if no evidence supports the ruling below." *Id.* (quoting *Allegro, Inc.*, 418 S.C. at 32, 791 S.E.2d at 144).

**LAW/ANALYSIS**

1. Over Appellants' objection, Respondents introduced a diagram of the accident (Exhibit 13) drawn by Jett for his employee personnel file. On the diagram, Jett wrote "car pull in on my left side trying to beat me making a left turn." The trial court allowed the introduction of Exhibit 13 under the business records exception of Rule 803(6), SCRE. The trial court allowed Jett to testify about Exhibit 13 under Rule 701, SCRE.

Appellants argue the trial court erred in admitting Exhibit 13 and in allowing Jett's testimony regarding the document.[2] Appellants argue Rule 602, SCRE, prohibited Jett's testimony regarding Exhibit 13 because Jett did not have firsthand knowledge of Bundy's movements prior to the accident.

Regarding lay witness testimony, the South Carolina Rules of Evidence state:

> If the witness is not testifying as an expert, the witness'
> testimony in the form of opinions or inferences is limited
> to those opinions or inferences which (a) are rationally
> based on the perception of the witness, (b) are helpful to
> a clear understanding of the witness' testimony or the
> determination of a fact in issue, and (c) do not require
> special knowledge, skill, experience or training.

Rule 701, SCRE. Appellants argue that Rule 701 is subject to Rule 602. Rule 602, SCRE, states a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. . . ."

---

[2] Appellants also claim Exhibit 13 was improperly admitted as a business record because a "person with knowledge" did not create it as required by Rule 803(6), SCRE, and because it contains "subjective opinions and judgments" as prohibited by the rule. However, Appellants did not argue this particular ground in its motion in limine, at any point during the trial, or in its post-trial motion. "It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review." *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998).

Here, before the admission of Exhibit 13, Jett testified there were no cars in the median when he pulled into the median to make a left turn. Jett stated that because there were no cars in the median when he pulled into it, he was not expecting a car to be on his left when he was making the left turn. As Jett prepared to turn, he felt a bump and his tractor-trailer would not move forward. He got out of the tractor-trailer and saw Bundy standing outside of her car. After the trial court admitted Exhibit 13, Jett explained he "wrote exactly what happened . . . and it's showing where I was in the median like the picture is showing. And I was getting ready to make a left turn and the car pulled over on the side of me."

We find the trial court did not err in admitting Exhibit 13 or allowing Jett's testimony regarding Exhibit 13. As the trial court noted, Jett's testimony was admissible under Rule 701 because the inference that Bundy's car came into the median after Jett was rationally based on Jett's perception of the events, it was helpful to the jury, and it did not require special knowledge. Jett's perception of events was that Bundy was not in the median when he pulled into it, but she was in the median when he got out of his tractor-trailer after feeling a bump. *See Small v. Pioneer Mach., Inc.*, 329 S.C. 448, 468-69, 494 S.E.2d 835, 845 (Ct. App. 1997) (finding no abuse of trial court's discretion in admitting lay opinion testimony when the witness based his opinions on his observations and perceptions as the operator of the machinery). Rule 602 does not prohibit the testimony because Jett had clear personal knowledge of the event. It was an accident that he was involved in.

Further, while we find the testimony was properly admitted, even if the trial court erred in admitting the testimony, Appellants have shown no prejudice. Jett's testimony regarding Exhibit 13 was cumulative to and duplicative of his prior testimony (elicited by Appellants) in every aspect. *See McGee v. Bruce Hosp. Sys.*, 321 S.C. 340, 345, 468 S.E.2d 633, 636 (1996) (finding even if it was error to allow certain witnesses to testify about the ideal placement of a catheter, such error was harmless because it was merely cumulative to other testimony).

2. Respondents proffered the testimony of Brian Boggess, and the trial court qualified him as an expert in the area of biomechanics and accident reconstruction. Appellants assign error to the trial court's admission of Boggess's expert testimony, arguing the opinions contained in his testimony were based upon weighing the credibility of the witnesses. Appellants claim the testimony was prejudicial because it was the "only other piece of evidence (other than [Exhibit 13] . . . offered [by Respondents]) to show the pre-crash actions of [Bundy]." Appellants

also argue Boggess improperly gave testimony regarding a hypothetical person, which was irrelevant, misleading, and an error of law.

> [A] witness qualified as an expert may testify when scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. However, even if an expert's testimony is admissible under the rules, the trial court may exclude the testimony if its probative value is outweighed by the danger of, among other things, unfair prejudice, confusion of the issues, or misleading the jury.

*Wilson v. Rivers*, 357 S.C. 447, 452, 593 S.E.2d 603, 605 (2004).

We find the trial court did not err in admitting Boggess's testimony. Its probative value was not outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. At trial, Boggess did not improperly comment on Bundy's credibility in front of the jury. Boggess's conclusion—that Jett was in the median first—was directly contrary to Bundy's testimony, but that does not make Boggess's testimony inadmissible. As the trial court noted, Boggess was a well-qualified expert and he based his opinion on multiple factors. His specialized knowledge assisted the jury to determine the dispositive issue at trial. *See id.* (noting expert "was better qualified than the jury to evaluate the force of a moving vehicle on the human body"); *Small*, 329 S.C. at 470, 494 S.E.2d at 846 ("Where the expert's testimony is based upon facts sufficient to form the basis for an opinion, the trier of fact determines its probative value.").

We also find that Boggess did not improperly give testimony regarding a hypothetical person.

> An expert's opinion testimony may be based upon a hypothetical question. Even though the hypothetical question must be based on facts supported by the evidence, counsel may pose the hypothetical "on any theory which can reasonably be deduced from the evidence and select as a predicate for it such facts as the evidence proves or reasonably tends to prove."

*Gazes v. Dillard's Dep't Store, Inc.*, 341 S.C. 507, 514-15, 534 S.E.2d 306, 310 (Ct. App. 2000) (citation omitted) (quoting *Gathers ex rel. Hutchinson v. S.C. Elec.*

*& Gas Co.*, 311 S.C. 81, 83, 427 S.E.2d 687, 688 (Ct. App. 1993)).  Here, Boggess used a person with the same physical characteristics as Bundy to estimate the amount of force that would have been exerted on a person in the driver's seat of the car involved in the accident as a result of the impact.  Boggess based the hypothetical person on facts supported by the evidence, and it was not an abuse of the trial court's discretion to allow the testimony.

3.  Appellants urge this court to find the trial court erred in not allowing publication to the jury of the request for production of the truck involved in the accident (the Sterling Truck).  We find no error.  During redirect examination, Appellants asked their expert whether he knew if Respondents had been asked to produce the Sterling Truck.  The expert affirmed that Respondents failed to produce it.  This was effectually the same point Appellants wished to make by publishing the request for production to the jury.  Appellants have shown no prejudice.  Further, we agree with the trial court's reluctance to air a discovery dispute in front of the jury.  *See N. H. Ball Bearings, Inc. v. Jackson*, 969 A.2d 351, 361 (N.H. 2009) ("[D]iscovery is generally within the province and discretion of the trial judge, not the jury."); *Hudak v. Fox*, 521 A.2d 889, 891 (N.J. Super. Ct. App. Div. 1987) ("[T]he discovery issue before us is interlocutory in nature and entirely outside the province of a jury.").

4.  Appellants argue the trial court erred in failing to grant their directed verdict motions and post-trial motions as to liability and damages.  As to liability, Appellants ask for a new trial in light of the evidence they claim was improperly admitted.  Because we find no abuse of discretion by the trial judge in allowing the testimony of Boggess and Jett, and in admitting Exhibit 13, we find the trial court did not err in denying these motions.  Even without the disputed testimony, there was testimony from Jett regarding the events of the accident that yielded more than one reasonable inference.  Thus, the evidence supported the trial court's ruling.

"To establish a cause of action for negligence, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damages proximately resulting from the breach of duty."  *Bailey v. Segars*, 346 S.C. 359, 366, 550 S.E.2d 910, 913 (Ct. App. 2001).  "Ordinarily, the question of proximate cause is one of fact for the jury."  *Id.* at 367, 550 S.E.2d at 914.  "If there is a fair difference of opinion regarding whose act proximately caused the injury, then the question of proximate cause must be submitted to the jury."  *Id.*

Appellants presented testimony from Sarah Lustig, a registered nurse, who prepared a life care plan estimating that Bundy's future medical costs would be $1,358,805. Appellants argue there was no question of fact on the issue of the reasonableness of the amount of the life care plan and medical bills.

As to Appellants' directed verdict motion and post-trial motions on the issue of damages for Bundy's medical bills and life care plan, evidence supported the trial court's ruling. Respondents elicited testimony from Bundy and her husband regarding previous accidents that could have caused back and neck injury. Bundy admitted to previous treatment for neck and back pain. Bundy's surgeon testified that Bundy's back injury must have been present before the accident with Jett. The jury could have found the accident with Jett did not contribute to Bundy's injuries and did not cause the need for neck and back surgeries or future care. The trial court did not err in denying Appellants' directed verdict and post-trial motions.

**CONCLUSION**

Accordingly, we affirm the trial court's order denying Appellants' motion for JNOV, motion for a new trial, and motion to alter or amend the judgment.

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**